J-A31044-17

2017 Pa Super 374

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BERTIL HOLT | : | |
| | : | No. 85 EDA 2017 |
| Appellant | | |

Appeal from the PCRA Order November 30, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003371-2013

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    **FILED NOVEMBER 27, 2017**

Appellant Bertil Holt appeals from the Order entered in the Court of Common Pleas of Philadelphia County on November 30, 2016, dismissing without a hearing his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant contends collective trial counsel had been ineffective in failing to file a  motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600 (hereinafter "Rule 600").[2]  We affirm.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.
[2] **See** Pa.R.Crim.P. 600(A)(2)(a) ("Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed."). **See also** Pa.R.Crim.P. 600(C) (computation of time).

---

\*   Former Justice specially assigned to the Superior Court.

In a Criminal Information initially filed on December 28, 2012, and later amended on March 20, 2013, Appellant, who was age seventy-two at the time, was charged with one count each of Tampering with public records or information, Sale or transfer of firearms, Unsworn Falsification to authorities, and Persons not to possess, use, manufacture, control, sell or transfer firearms.[3]  As the case proceeded, several mental health evaluations were scheduled and performed, the trial court appointed Appellant three separate attorneys due to various conflicts, and numerous new judges were assigned to hear the matter.  On June 8, 2015, the trial court ordered Appellant to undergo a final mental health evaluation to determine his competency to stand trial.  On June 12, 2015, the Mental Health Unit determined Appellant was capable of taking part in his legal proceedings, and the case was brought to trial on July 14, 2015.

On July 15, 2015, Appellant became belligerent with the trial court when the court indicated it would not grant Appellant a continuance to enable Appellant to obtain another attorney or to represent himself.  Appellant proceeded to complain of serious chest pains and asked to be taken to the VA Hospital.  N.T. Trial, 7/15/15, at 9.  An ambulance was called, and trial resumed on July 20, 2015.  At that time, Appellant was not present, and after making calls to Jefferson Hospital and the VA, the trial court was informed

---

[3] 18 Pa.C.S.A. §§ 4911(a)(1); 6111(G)(4); 4904(a)(1); 6105(c)(4), respectively.

Appellant had been released from Jefferson Hospital, and he never had visited the VA hospital. N.T. Trial, 7/20/15, at 4. Trial proceeded *in absentia*, and on July 20, 2015, a jury found Appellant guilty of the Sale or transfer of firearms and Unsworn falsification to authorities charges and one count of Criminal Attempt, 18 Pa.C.S.A. § 901(a). On that same date, the trial court sentenced him to an aggregate term of two and one-half (2 ½) years to five (5) years in prison to be followed by seven (7) years of probation. Appellant did not file a post-sentence motion or a direct appeal.

On August 16, 2016, Appellant filed a PCRA petition *pro se*. Counsel was appointed and filed an amended petition on August 18, 2016, alleging trial counsel had been ineffective for failing to ensure Appellant was mentally competent to stand trial and for failing to file a motion for dismissal for lack of a speedy trial under Rule 600. The PCRA court provided Appellant with proper notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and on November 29, 2016, Appellant filed his "Petition in Objection to Pa.R.Crim.Proc., Rule 907, 42 Pa.C.S.A."

In its Order entered on November 30, 2016, dismissing the petition, the PCRA court stated that following its independent review of Petitioner's *pro se* PCRA petition, the counselled, Amended Petition, the Commonwealth's Motion to Dismiss and Appellant's answer thereto, it found the petition lacked merit. Appellant filed a timely notice of appeal on December 28, 2016.

The trial court did not order Appellant to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant did not do so. On January 27, 2017, the trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a).

In his brief, Appellant presents the following issue for our review:

> Did the [l]ower [c]ourt err in its November 30, 2016[,] Order which DISMISSDED Appellant's PCRA Petition which alleged a violation of Appellant's Pa.R.Crim.P. 600 Prompt Trial rights wherein the trial did not commence (July 14, 2015) until 925 days from the date the criminal complaint was filed (December 28, 2012) so egregious that a constitutional right has been impaired[?]

Brief of Appellant at 4 (brackets and capitalization in original).

Our standard of review of an order denying a PCRA petition is limited to an examination whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa.Super. 2016).

The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Commonwealth v. Blakeney*, 631 Pa. 1, 20, 108 A.3d 739, 750 (2014). To obtain a reversal of a PCRA court's decision to dismiss a petition without a

hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. *Id.*

Herein, Appellant challenges the effectiveness of his various trial counsel for failure to file a Rule 600 motion prior to his trial. The law presumes counsel has rendered effective assistance, and the burden of demonstrating ineffectiveness rests with an appellant. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." ***Commonwealth v. Fulton***, 574 Pa. 282, 291, 830 A.2d 567, 572 (2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 571 Pa. 112, 126, 811 A.2d 994, 1002 (2002).

In addition, we review Appellant's Rule 600 argument pursuant to the following, well-settled principles:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the

- 5 -

law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused. . . .

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. ***Commonwealth v. Armstrong***, 74 A.3d 228, 234–35 (Pa.Super. 2013) (quotation omitted).

Rule 600 provides in pertinent part: "Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The Rule further states:

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

To summarize, the courts of this Commonwealth employ three steps ... in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

- 6 -

If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600( [D] ). As we have explained, Rule 600[ ] encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600[ ] extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. *Armstrong*, 74 A.3d at 236 (quotation marks and quotations omitted). . . .

> Most significantly, both Rule [600] and the cases in which we have applied it proceed from the premise that so long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. Thus, we do not apply the Rule mechanically nor will we affirm its application where the trial court's construction of it fails to acknowledge the policies it serves. The Commonwealth's stewardship therefore must be judged by what was done ... rather than by what was not done.

*Commonwealth v. Selenski*, 919 A.2d 229, 232 (Pa. Super. 2007).

*Commonwealth v. Wendel*, 165 A.3d 952, 955–57, 60 (Pa.Super. 2017).

Initially, we must first determine the mechanical run date under Rule 600. "As the text of Rule 600(A) makes clear, the mechanical run date comes 365 days after the date the complaint is filed." *Commonwealth v. Ramos*, 936 A.2d 1097, 1101 (Pa.Super. 2007) (*en banc*). Here, as the parties agree

and the trial court found, the complaint was filed on December 28, 2012, and the mechanical run date was December 28, 2013.

In the argument portion of his appellate brief, which is unsupported by any citation to relevant authority and fails to address the PCRA court's adjusted run date calculation, Appellant baldly maintains that in addition to the 365 days, the Commonwealth had only 85 additional excusable days in which to bring him to trial. Brief for Appellant at 8. In reaching this conclusion, Appellant merely lists dates and numbers of days followed by either "Credit to Commonwealth (number of days)" or "Credit to Commonwealth 0." The latter designation follows all listed time periods followed by "New Judge" or time associated with the appointment of new counsel, as well as other general periods of time. *Id*. at 7-8. The crux of Appellant's argument is as follows:

> Total credit to the Commonwealth against the 365 days for trial to begin under Rule 600 is only 85 days. The total period of time from December 28, 2012 to July 14, 2015 is 925 days. Under Rule 600 the Commonwealth had 450 days to bring the case to trial which included 365 in addition to the 85 excusable days of delay exceeded this allowable period of time under Rule 600 by 475 days. During that period of 925 days the case went to 5 different judges:
>
> Hayden, Niefeld, Patrick, Lane and Brinkley. Three court appointed attorneys were involved in this case for which the Commonwealth has received credit. Two instances of mental health evaluations were also excused for which the Commonwealth has received credit. Mr. Holt at the time of the events was 72 years old. He was not successful in obtaining a gun. His actions resulted in no one being injured. Clearly in the overall scheme of things in the Philadelphia Criminal Justice System this case was probably not viewed as a high priority matter. The purpose of Rule 600 is to eliminate the protracted uncertainty of

criminal litigation. Accommodations have been made by the precedent case law for excusable delay. However an excess of 475 days is inexcusable and an abuse of the privilege. Two and a half years to prosecute this case equates to having no Rule 600 at all and violates the mandate and is imperative for speedy trials. After 450 days a Motion should have been filed by court appointed counsel to dismiss the case for failure to commence a trial within the parameters of Rule 600. Failure to do so equates to a clear manifestation of intent to violate the mandate of Rule 600. The charges against [Appellant] should be dismissed with prejudice as the prosecution has failed to bring the case to trial within the permissible limits of Rule 600.

Brief of Appellant at 8-9.

In light of the foregoing, we could deem this issue waived for Appellant's failure to properly develop it. *See* Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument with citation to and discussion of relevant legal authority); *Commonwealth v. Wise*, 2017 WL 4079782, at *5 (Pa.Super. Sept. 15, 2017) (finding waiver where the appellant provided only a vague, undeveloped argument in support of her claim and did not cite to the record or relevant and controlling case law); *see also Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa.Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority"). Notwithstanding, absent the waiver, we find Appellant's claim is meritless.

The PCRA court concisely addressed Appellant's ineffectiveness challenge regarding counsels' failure to file a Rule 600 Motion in its Rule 1925(a) Opinion, and properly determined that because Appellant's right to a speedy trial under Rule 600 had not been violated, trial counsel could not have

been ineffective for failing to file a Rule 600 Motion. Trial Court Opinion, filed

1/27/17, at 8-10. In addressing and rejecting Appellant's claim of

ineffectiveness for failure to file a Rule 600 motion, the PCRA court explained:

> In the case at bar, the criminal complaint was filed against [Appellant] on December 28, 2012. Thus, [Appellant's] mechanical run date was December 28, 2013. However, there were several excludable and excusable delays which extended the adjusted run date to well beyond [Appellant's] trial. On January 7, 2013, 10 days after the complaint was filed, the Honorable Charles Hayden appointed Patrick Link, Esquire, as counsel and ordered that [Appellant] receive a mental health evaluation forthwith to determine his competency to stand trial. On February 6, 2013, 30 days later, the Honorable Marsha Neifield found that [Appellant] was competent to stand trial and listed the case for a preliminary hearing on March 12, 2013. The time between this hearing and the preliminary hearing, a period of 34 days, was ruled excludable.
> On March 12, 2013, the charges were held for court and [Appellant] was formally arraigned on April 3, 2013. Thus, between the filing of the criminal complaint on December 28, 2012 and [Appellant's] formal arraignment on April 3, 2012, there was a total of 74 days attributable to excludable or excusable delay.
> On May 1, 2013, Mr. Link withdrew from the case due to a conflict and Todd Fiore, Esquire, was appointed as counsel. On that same day, the case was continued to May 22, 2013, a period of 21 days, and the time was ruled excludable. On May 22, 2013, [Appellant] rejected the Commonwealth's offer and requested a jury trial. The case was then continued for a pre-trial conference on June 6, 2013. On June 6, 2013, the case was listed for a jury trial before the Honorable Paula Patrick on May 8, 2014. There is no indication or allegation that the Commonwealth requested this length of time to schedule the trial. On May 5, 2014, 333 days after the case was listed for a jury trial, Mr. Fiore was removed as counsel following a breakdown in the attorney-client relationship and the court ordered that new counsel be appointed. On June 4, 2014, 30 days later, David Belmont, Esquire, was confirmed as [Appellant's] new counsel and the case was listed for trial before the Honorable Timika Lane on February 12, 2015. On January 13, 2015, 224 days after the case was listed for trial, Courtroom Administration reassigned the case to the Honorable Carolyn Nichols and continued the case to April 8, 2015, a period of 84

- 10 -

days. Thus, between the withdrawal of Mr. Link and the reassignment of the case to Judge Nichols, there was a total of 51 days that were excludable due to [Appellant's] inability to obtain counsel. Furthermore, there was a period of 641 days that were excusable due to the heavy caseload of the court system. Moreover, the court system exercised due diligence in attempting to bring the case to trial, as it reassigned the case multiple times once it became clear that the caseload of the assigned judge had become too heavy.

On April 8, 2015, Judge Nichols continued the case to June 8, 2015, a period of 61 days, for the status of [Appellant's] mental health. On June 8, 2015, Judge Nichols ordered a mental health evaluation forthwith to determine [Appellant's] competency to stand trial. On June 12, 2015, the Mental Health Unit determined that [Appellant] was competent to stand trial. At the next court hearing on July 7, 2015, 29 days after the mental health evaluation was ordered for [Appellant], Judge Nichols listed the case for trial on July 8, 2015. On July 8, 2015, the case was relisted for trial on July 13, 2015. On July 13, 2015, the case was reassigned to this Court. On July 14, 2015, [Appellant's] jury trial began. Thus, between the reassignment of [Appellant's] case to Judge Nichols and the start of [Appellant's] trial, there was a total of 90 days that were excludable due to the status of [Appellant's] competency to stand trial. In total, there 856 days attributable to excusable or excludable delays caused by [Appellant's] inability to obtain counsel, the court systems heavy caseload and concomitant reassignments of [Appellant's] case, and the status of [Appellant's] competency to stand trial. When added to [Appellant's] mechanical run date of December 28, 2013, this number yields an adjusted run date of May 2, 2016. Therefore, [Appellant's] trial began well within the period of the his [sic] adjusted run date and trial counsel could not have been ineffective for failing to file a Rule 600 motion.

Trial Court Opinion, filed 1/27/17, at 8-10.

Our Supreme Court in **Commonwealth v. Mills**, ___ Pa. ____, 162 A.3d 323 (2017) differentiated between the normal progression of a criminal case and judicial delay for purposes of Rule 600. Therein, the Commonwealth had requested a continuance of a previously set trial date because it would

have been unable to proceed to trial on that date for several reasons. The trial court continued trial for 174 days to the earliest possible date. In its analysis, the **Mills** Court said, "[T]ime attributable to the normal progression of a case simply is not 'delay' for purposes of Rule 600." **Id.** at ___, 162 A.3d at 325. The Court also noted that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." **Id.** Ultimately, the Supreme Court held the 174–day continuance was delay attributable to the Commonwealth as Commonwealth was unprepared for trial. **Id.**

Unlike in **Mills**, the Commonwealth herein did not request a continuance of a previously set trial date, and its trial readiness was not at issue. Based on Appellant's request for a jury trial, on June 6, 2013, the trial court scheduled Appellant's trial for the earliest possible date of May 8, 2014, although it was later continued for the aforementioned reasons until July of 2015. The conflicts with counsel and changes in judicial assignment caused the court to reschedule Appellant's trial as it did. Therefore, because there is no indication in the record that the Commonwealth requested this length of time in which to bring Appellant to trial, and the delay occurred despite its due diligence, these days are excusable for purposes of Rule 600. **Id**. **see also, Commonwealth v. Hunt**, 858 A.2d 1234, 1244 (Pa.Super. 2004) (*en banc*) (finding the record demonstrated the Commonwealth had put forth reasonable efforts to bring the defendant to trial within the limits set by Rule 600 and

most of the circumstances occasioning the postponement were beyond the control of the Commonwealth).

Upon our independent review, we conclude the PCRA court's findings are supported by the record and we find no error in its determination that Appellant's ineffectiveness claim lacks merit. As the record reflects, Appellant has failed to meet his initial burden of pleading and proving his underlying Rule 600 has arguable merit. Having failed to meet that initial burden, Appellant cannot succeed in a claim of ineffectiveness of counsel for their failure to file a Rule 600 motion to dismiss his case.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2017

- 13 -