J-S57024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SYLVESTER SMITH | : | |
| | : | |
| Appellant | : | No. 2714 EDA 2017 |

Appeal from the PCRA Order August 4, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0608161-2005

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY PLATT, J.:                    **FILED NOVEMBER 06, 2018**

Appellant, Sylvester Smith, appeals *pro se* from the order dismissing his second petition for relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The facts of this case are not in dispute.  (**See Commonwealth v. Smith**, 2444 EDA 2006 (Pa Super. filed February 25, 2008) unpublished memorandum at *1).  On January 3, 2003, Appellant fatally shot Caliph Davis, in an apparent murder for hire over an $8,000 drug debt.  (**See id.** at **1-2).  Appellant was at least thirty, and possibly thirty-one, at the time he committed the murder.  (**See** Appellant's Memorandum of Fact and Law, 3/28/16, at 24 (giving his age at time of offense as thirty-one); Pre-Sentence Report, 6/22/06 (noting date of birth as 8/27/72); Commitment Order, 8/02/06 (same); **see also** PCRA Court Opinion, 10/19/17, at 1 (thirty-one)).

_____

*   Retired Senior Judge assigned to the Superior Court.

A jury convicted Appellant of murder of the first degree and related offenses. On August 2, 2006, the court imposed an aggregate life sentence. This Court affirmed, our Supreme Court denied allowance of appeal, and Appellant's judgment of sentence became final on or about November 6, 2008. Appellant claims this second PCRA petition, filed March 28, 2016, is timely, based on the statutory exception for a newly recognized constitutional right.[1]

In a non-compliant and somewhat convoluted brief, Appellant maintains that he is entitled to relief under **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), applying **Alleyne v. United States**, 133 S. Ct. 2151 (2013), based on

_____

[1] Although the timeliness requirement is mandatory and jurisdictional, an untimely petition may be received when the petition alleges, and the petitioner proves, that one of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. **See Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

*Teague v. Lane*, 489 U.S. 288 (1989) (OAJC).  (*See* Appellant's Brief, at 7). Appellant argues chiefly that he is entitled to PCRA relief because life without parole is a disproportionate punishment for homicide offenders between the ages of eighteen to twenty-five.  (*See id.*).  For many reasons, we disagree.

Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error.  We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." *Commonwealth v. Holt*, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted).

Most notable among the numerous defects in Appellant's argument, none of the cases he cites holds that the special treatment of offenders under the age of eighteen extends to offenders who were thirty when they committed murder.  *See e.g., Miller v. Alabama*, 567 U.S. 460, 465 (2012) ("We therefore hold that mandatory life without parole for those **under the age of 18** at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'") (emphasis added). Appellant fails to prove an exception to the time bar.  Because Appellant's age is dispositive for the exception claimed, we need not address his additional claims, and we decline to do so.  The PCRA court properly dismissed his second petition as untimely, with no exception pleaded and proven.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/18