J-S16017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS E. HUMPHREY, SR. | : | |
| | : | |
| Appellant | : | No. 1710 MDA 2018 |

Appeal from the PCRA Order Entered September 26, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000755-1992

BEFORE: OTT, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED: MARCH 26, 2019**

Douglas E. Humphrey, Sr. (Appellant) appeals *pro se* from the order denying as untimely his sixth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

> In June 1994, Appellant was sentenced to twenty-three to forty-six years' imprisonment, following his convictions of three counts of reckless endangerment, four counts of simple assault, four counts of aggravated assault, and one count each of unlawful restraint, attempted kidnapping, and attempted murder. A panel of this Court affirmed the judgment of sentence on March 21, 1996. ***Commonwealth v. Humphrey***, 678 A.2d 828 (Pa. Super. 1996) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

***Commonwealth v. Humphrey***, 4 A.3d 183 (Pa. Super. 2010) (unpublished memorandum). Appellant's judgment of sentence became final on April 20, 1996; for his PCRA petition to be timely, Appellant had to file it by April 20, 1997. ***See id.***

Appellant filed the underlying *pro se* PCRA petition on August 2, 2017. The PCRA court issued its notice to dismiss the petition pursuant to Pa.R.Crim.P. 907 on May 9, 2018, and entered an order denying relief on September 26, 2018. Appellant filed this timely appeal.[1]

Appellant raises 14 claims. **See** Appellant's Brief at 3-6. However, before we can examine whether any of the claims have merit, we must determine whether we have jurisdiction. Instantly, the PCRA court denied relief on the basis that Appellant's petition was untimely, and he failed to plead an exception to the PCRA's time-bar.

Our standard of review of an order denying PCRA relief is "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." **Commonwealth v. Holt**, 175 A.3d 1014, 1017 (Pa. Super. 2017) (citation omitted). Before we reach the merits of a petitioner's claim, Section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The timeliness requirement of the PCRA is "mandatory and jurisdictional in nature."

---

[1] Although the PCRA court filed an opinion, it did not order Appellant to file a Pa.R.A.P. 1925(b) statement. On February 25, 2019, the Commonwealth by written correspondence advised this Court that it would not be filing a brief.

*Commonwealth v. McKeever*, 947 A.2d 782, 784-785 (Pa. Super. 2008) (citing omitted). Therefore, "no court may disregard, alter, or create equitable exceptions to the timeliness requirement in order to reach the substance of a petitioner's arguments." *Id.* at 785. Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met." *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The three exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Until recently, a petition invoking an exception had to be filed within 60 days of the date the claim could have been presented. However, effective December 2017 – several months after August 2, 2017, when Appellant filed the underlying petition – Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2),

- 3 -

and now provides that a PCRA petition invoking a timeliness exception must be filed within **one year** of the date the claim could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, §2 and §3. Although we note the change in the law from 60 days to one year, it does not apply to Appellant and has no bearing on this appeal.

Appellant does not dispute that his PCRA petition is untimely. Rather, he references the newly-discovered facts and government interference exceptions to the time-bar, and cites the Pennsylvania Supreme Court's decision in **Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017) (holding that *pro se* prisoners are not subject to the presumption that information which is of public record cannot be deemed "unknown" for purposes of subsection 9545(b)(1)(ii)). Appellant claims that both exceptions "are applicable to the instant case," and that "newly discovered evidence/facts were never made part of the public record as a result of government interference." Appellant's Brief at 9. Appellant asserts that "government officials never intended Appellant to find these documents." **Id.** He proceeds to impugn the trial court's application of the Sentencing Code and his guideline sentencing form, including an assertion that his guideline sentencing form was not filed and docketed, "but at some point in time was 'scanned' and found 'elsewhere' or outside the scope of where it should have been." **Id.** at 17-18.

Upon review, we agree with the PCRA court that there "are several glaring errors in Appellant's claims." PCRA Court Opinion, 12/31/18, at 2. Notably, the court observed that the sentencing guideline form "was in fact

made a part of the record," but in any case, the trial court "concluded that the sentencing guidelines were not appropriate," and "the Sentencing Guideline Form was rendered irrelevant because [the trial court found that] the guidelines were not appropriate given the danger that Appellant poses to the community." *Id.* The PCRA court concluded that "Appellant has not pleaded facts establishing that his petition is excluded from the PCRA's one-year jurisdictional time limit."

We agree. Upon review, Appellant failed to present a persuasive argument as to why his petition should qualify for an exception to the PCRA's time-bar. *See Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.).

Accordingly, we affirm the order of the PCRA court denying Appellant's request for post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/2019

- 5 -