J-S11034-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
v.   :
   :
   :
KURTAVIUS JERMON SMITH   :
   :
Appellant   :   No. 1252 WDA 2019

Appeal from the PCRA Order Entered August 6, 2019
in the Court of Common Pleas of Fayette County
Criminal Division at No(s):  CP-26-CR-0001172-2012

BEFORE:  NICHOLS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           FILED MAY 27, 2020

Kurtavius Jermon Smith ("Smith") appeals from the Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In a prior appeal, this Court set forth the relevant history underlying this case as follows:

> The incident giving rise to this case occurred during the early morning hours of May 13, 2012[,] in Pershing Court[,] located in Uniontown, Fayette County, Pennsylvania.  At approximately 4:45 a.m., Officer Jamie Holland [("Officer Holland")] of the Uniontown City Police Department was dispatched to the housing complex for a report of a male lying on the ground with possible gunshot wounds.  Officer Delbert DeWitt [("Officer DeWitt")], who was also dispatched to the scene, had noticed a white Jeep SUV leaving Pershing Court when he was entering it.  The vehicle's headlights were off.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

When Officer Holland arrived first, he observed a non-responsive male with a single gunshot wound to the head. The male was identified as Marlin Crawford [("the victim")] ... and was pronounced dead.... The cause of death was a gunshot wound to the head, which went through to his skull and brain. Two firearms, two cards with envelopes, and a red rose were found on [the victim]. The firearms were a .357 revolver with six live rounds in it located in [the victim's] pocket and a fully loaded 9mm Taurus semiautomatic pistol that was partially tucked underneath his right hip.

After receiving further information on the white Jeep's whereabouts, officers traveled to Millview Street in Uniontown. The Jeep was parked in an unnamed alley, and the hood was warm. An unidentified witness told the officers that he observed two males exit the Jeep and enter a residence at 20 Millview Street. The officers approached the residence and demanded that all occupants exit with their hands up. It took between five and ten minutes for the first occupant to exit the residence and an additional twenty minutes for [Smith] and the final remaining occupant to exit.

Commonwealth v. Smith, 120 A.3d 1050 (Pa. Super. 2015) (unpublished

memorandum at 1-2) (citation omitted).

After being read his Miranda[2] warnings, Smith indicated that

his girlfriend at the time, Kimberly Johnson [("Johnson")], had been involved with [the victim], and he went to [the victim's] home in Pershing Court to confront him about the relationship the night before the shooting. [Smith] said he was beating and kicking the front door, and that he and [the victim] exchanged gunfire. [Smith] claimed [that he] fled the scene.

The next evening, [Smith] said he was in Pershing Court and saw [the victim] on the street. He indicated that he walked over to [the victim] in order to confront him again. This time it had to do with negative remarks [the victim] allegedly made about [Smith]. [Smith] claimed that another African-American male got in between them and punched [Smith] in the face. When [Smith]

_____

[2] See Miranda v. Arizona, 384 U.S. 436 (1966).

jumped to his feet, he claimed that [the victim] fired shots at him, and he saw a gun on the ground, picked it up, and fired at [the victim] as [Smith] ran away. [Smith] said that he did not know if he had hit [the victim] because [Smith] was running for his life. He claimed to have thrown the gun in a very specific area, but the officers were unable to locate it.

Meanwhile, [the police were] aware of text messages that [Smith] sent to [] Johnson, which included, "…ima [sic] kill him thats [sic] my [fucking] word," and he mentioned to [Smith] these text messages would be used against him….

Smith, 120 A.3d 1050 (unpublished memorandum at 3-4).

A jury convicted Smith of third-degree murder,[3] and acquitted him of the charge of firearms not to be carried without a license.[4] On February 25, 2014, the trial court sentenced Smith to a prison term of 18 to 40 years. Smith filed post-sentence Motions, which the trial court denied. This Court ultimately affirmed Smith's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. See Smith, 120 A.3d 1050 (unpublished memorandum), appeal denied, 118 A.3d 1108 (Pa. 2015).

On September 11, 2015, Smith timely filed his first Petition for relief under the PCRA. Counsel was appointed, who ultimately filed the instant Amended PCRA Petition on June 12, 2019. On August 6, 2019, after appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed

---

[3] See 18 Pa.C.S.A. § 2502(c).

[4] See 18 Pa.C.S.A. § 6106.

- 3 -

Smith's PCRA Petition without a hearing.  Smith timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Smith presents the following claim for our review:  "Whether the PCRA court erred by dismissing [Smith's] PCRA Petition without a hearing?"  Brief for Appellant at 3 (some capitalization omitted).  In the argument section of his brief, however, Smith lists the following three issues for appellate review:

> 1.  Whether [trial counsel] was ineffective for failing to have an expert analyze the gunshot residue taken from the victim ….?
>
> 2.  Whether [trial counsel] was ineffective for failing to argue self-defense in his closing?
>
> 3.  Whether [trial counsel] was ineffective for failing to object to testimony at trial indicating that [Smith] was incarcerated?

Brief for Appellant at 6.[5]

When reviewing an appeal from the denial of PCRA relief,

> we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error.  The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party.  The PCRA court's credibility determinations, when supported by the record, are binding; however, this court applies a de novo standard of review to the PCRA court's legal conclusions.  We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief.  Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

_____

[5] We direct counsel's attention to Pa.R.A.P. 2116(a), which provides that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Commonwealth v. Montalvo, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Smith first claims that his trial counsel rendered ineffective assistance by not having the gunshot residue ("GSR") kit, which was obtained from the victim, analyzed prior to trial. Brief for Appellant at 11. According to Smith, Officer Holland and Officer Matthew Painter both testified at trial that a nickel-plated, 9-millimeter, semi-automatic pistol was found under the victim. Id. at 10. Officer Holland indicated that, although the firearm had a 13-bullet capacity, it held only 12 bullets when it was recovered by the officers. Id. Further, a live round was found in the pistol's chamber. Id.

Smith contends that, "[a]lthough the evidence … indicates that the victim could have discharged a bullet in a firefight with [Smith], [trial counsel] failed to have the [GSR k]it obtained from the victim analyzed prior to trial." Id. at 11. Smith states that the GSR kit subsequently was analyzed by RJ Lee Group, which found that "the victim's right hand contained two (2) component particles of gunshot residue." Id. According to Smith, these results indicate that "the victim may have discharged a firearm just before his death, which [Smith] could have used to prove to the jury that he acted in self-defense." Id. Smith contends that his trial counsel's ineffectiveness caused him to suffer prejudice, because the results could have persuaded the jury that [Smith] acted in self-defense when he shot the victim." Id. Smith asserts that this

claim raised genuine issues of material fact warranting an evidentiary hearing. *Id.*

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 574 Pa. 282, 291, 830 A.2d 567, 572 (2003) [(plurality)]. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 571 Pa. 112, 126, 811 A.2d 994, 1002 ([Pa.] 2002).

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017).

To establish prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* When it is clear that the appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Thus, even if counsel had no reasonable basis for the course of conduct pursued, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's

ineffectiveness standard. Commonwealth v. Douglas, 645 A.2d 226, 232 (Pa. 1994).

In its Pa.R.Crim.P. 907 Notice of Intention to Dismiss, the PCRA court addressed this claim, stating that the failure to analyze the GSR kit of the victim

> [d]oes not amount to ineffective counsel. The Commonwealth presented an expert witness whose uncontradicted testimony was that the lab the witness works for does not test for GSR particles on the [v]ictim's hands[,] since the test would be inconclusive because the particles could be present as a result of him being shot, with no way to determine whether the [v]ictim discharged a firearm. In addition, now that the GSR test has been performed on the [v]ictim's hands, with only one two-component particle and zero characteristic particles found, it is clear that the GSR test could not have affected the outcome of the trial.

Notice of Intention to Dismiss, 7/3/19, at 1-2. Our review confirms the PCRA court's analysis, and its conclusion that no prejudice resulted from counsel's inaction is sound. We therefore affirm on the basis of the PCRA court's stated rationale, as set forth above. See id.

In his second claim, Smith argues that his trial counsel rendered ineffective assistance by "failing to argue for self-defense in his closing[.]" Brief for Appellant at 11. Smith asserts that in its jury charge, the trial court recognized that "[s]ome of the evidence in this case raises the issue of whether [Smith] acted in self-defense when he fired at [the victim]." Id. (citation omitted). Smith contends that counsel had no reasonable basis for failing to argue self-defense during the closing argument. Id. According to Smith, counsel's ineffectiveness caused him prejudice because counsel waived

a potential defense that was supported by the evidence. Id. Again, Smith argues that this claim raised a genuine issue of material fact that warranted an evidentiary hearing. Id.

In his appellate brief, Smith failed to develop the "reasonable basis" prong of his ineffectiveness claim, beyond a bald assertion that counsel lacked a reasonable basis for not arguing self-defense. To obtain a remedy on appeal, an appellant must show the appellate court some evidentiary proffer regarding counsel's reasons for his inaction. Commonwealth v. Jones, 811 A.2d 994, 1003 (Pa. 2002). Merely asserting that counsel could have had no reasonable basis for his inaction is insufficient to warrant either a remand for an evidentiary PCRA hearing or any other type of PCRA relief. See id. It is not the role of this Court to "formulate [an a]ppellant's arguments for him." Commonwealth v. Johnson, 985 A.2d 915, 925 (Pa. 2009); see also Commonwealth v. Chmiel, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Because Smith failed to develop this ineffectiveness claim, we cannot grant him relief. See Johnson, 985 A.2d at 924 (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.").

In his third claim, Smith argues that his counsel rendered ineffective assistance by not objecting to testimony at trial that Smith was in jail. See Brief for Appellant at 12. Smith argues that at trial, the Commonwealth introduced a letter, "allegedly written by [Smith] while he was incarcerated[,] through the testimony of Diana Long, which made reference to [Smith's] incarceration." Id. In addition, Smith contends that a witness twice referred to Smith's incarcerated status. Id. According to Smith, his counsel "clearly had a duty to seek to reduce the number of times these references were made at trial, and to reduce the impact that these references would have on the jury, such as asking the [trial c]ourt to issue a cautionary instruction." Id. at 12. Once again, Smith baldly asserts that counsel had no reasonable basis for his inaction. Id. Finally, Smith argues that counsel's inaction caused him prejudice, because the jury was given the impression that Smith was "an incarcerated criminal." Id. at 12-13.

"Claims of ineffective assistance of counsel are not self-proving." Commonwealth v. Wharton, 811 A.2d 978, 988 (Pa. 2002). Because Smith failed to establish counsel's lack of a reasonable basis for his inaction, Smith is not entitled to relief on this claim. See Jones, 811 A.2d at 1003 (stating that merely asserting counsel's lack of a reasonable basis for his inaction is insufficient to warrant either a remand for an evidentiary hearing or any other type of PCRA relief). Accordingly, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/27/2020