J-S04035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TABU NAZSHON PHILLIPS | : | |
| | : | |
| | : | No. 982 MDA 2020 |

Appeal from the PCRA Order Entered June 29, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001621-2012

BEFORE:  OLSON, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED FEBRUARY 03, 2021**

Tabu Nazshon Phillips ("Phillips") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On direct appeal, this Court summarized the relevant history underlying this case as follows:

**Factual and Procedural History**

This is [Phillips's] second conviction and appeal to this Court for the same underlying offense. This Court previously vacated [Phillips's] initial convictions and remanded for a new trial after concluding that the trial court had failed to elicit a knowing, voluntary and intelligent waiver of counsel from [Phillips] before permitting him to proceed *pro se* in his first trial. ***See Commonwealth v. Phillips***, 93 A.3d 847, 855 (Pa. Super. 2014).  At his re-trial, [Phillips] again elected to represent

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

himself *pro se*. That jury also convicted [Phillips]. The facts and procedural history are as follows.

On December 22, 2011, officers of the Harrisburg City Police Department responded to a 911 call from a female screaming for help and stating that someone was trying to kill her. *Id.* at 849. Officers responded to a boarding house and followed the sounds of a screaming female to the second floor, where they encountered [Phillips] breathing rapidly as he walked out of a bedroom. *Id.*

In the bedroom that [Phillips] had just vacated, officers found Jasmine Matthews ("Matthews"), who was "crying, breathing very hard, and had blood coming from her nose and mouth." *Id.* The visibly distraught Matthews told officers that [Phillips] had repeatedly struck her with his fists and with a gun. N.T. Suppression, 11/13/14, at 20-21. Matthews showed officers the gun [Phillips] used to strike her, a .32 caliber Colt gray top action revolver located under the foot of the bed. *Phillips*, *supra* at 849.

Officers discovered [Phillips] had a warrant out for his arrest, and took him into custody. *Id.* While searching [Phillips] incident to arrest, officers discovered [Phillips] was wearing a Kevlar vest with ammunition for a .32 caliber firearm in the pocket. *Id.* [Phillips] was charged with one count of Persons Not to Possess Firearms, one count of Possessing an Instrument of Crime — Unlawful Body Armor, and one count of Simple Assault.

As noted above, [Phillips] represented himself *pro se* in his first trial. After a jury convicted him of the two possession charges and acquitted him of the simple assault, [Phillips] appealed to this Court alleging, *inter alia*, that his waiver of counsel had not been knowing, voluntary and intelligent. This Court agreed, finding none of the waiver-of-counsel colloquies given by the trial court satisfied the minimum requirements under Pa.R.Crim.P. 121. *Id.* at 852-55. We remanded for a new trial on the possession charges only.

On October 7, 2014, [Phillips] filed two [M]otions *pro se*: (1) a Motion to Proceed *Pro Se* citing a disagreement in trial strategy between [Phillips] and his appointed counsel; and (2) a Motion to Suppress challenging the officer's warrantless entry into the

boarding house and the subsequent seizure of the firearm discovered therein.

On November 13, 2014[,] the Honorable Scott Arthur Evans held a hearing on both Motions. At the commencement of the hearing, the trial court presided over a waiver-of-counsel hearing of [Phillips] on the record before granting [Phillips's] Motion to Proceed *Pro Se* and appointing standby counsel. N.T. Suppression, 11/13/14, at 3-12. The parties then proceeded with testimony on the Motion to Suppress, which Judge Evans denied at the close of the hearing.

A two-day jury trial began on March 11, 2015. Prior to jury selection, [Phillips] presented the trial court with a Motion *in Limine* challenging the admissibility of (1) [Phillips's] prior criminal record, (2) a recording of a prison phone conversation, and (3) the content of the 911 call from Matthews. [Phillips] challenged the 911 call, in which Matthews states[,] "He is trying to kill me," as irrelevant and unfairly prejudicial given the absence of assault charges against [Phillips] on remand.

The trial court denied [Phillips's] Motion *in Limine*, and then conducted a second waiver-of-counsel hearing of [Phillips] on the record before proceeding with jury selection and trial.

The jury convicted [Phillips] of both possession charges. Judge Evans subsequently sentenced [Phillips] to five to ten years of incarceration for Persons Not to Possess Firearms, and a consecutive one to four years sentence for Unlawful Body Armor. [Phillips] filed a *pro se* post-sentence [M]otion on April 8, 2015. The next day, counsel entered an appearance on behalf of [Phillips] and filed an amended post-sentence [M]otion. The court denied the Motion on April 13, 2015. [Phillips] timely appealed….

*Commonwealth v. Phillips*, 141 A.3d 512, 514-16 (Pa. Super. 2016). On

May 19, 2016, this Court affirmed Phillips's judgment of sentence. *See id.*

On November 22, 2016, the Pennsylvania Supreme Court denied allowance of

appeal. *See Commonwealth v. Phillips*, 161 A.3d 797 (Pa. 2016).

Phillips filed a *pro se* PCRA Petition on October 27, 2017. The PCRA court appointed counsel. On December 20, 2018, counsel filed a supplemental PCRA Petition. After a hearing, the PCRA court dismissed Phillips's PCRA Petition on June 29, 2020. Thereafter, Phillips filed the instant timely appeal.

Phillips raises the following claims for our review:

A. Whether the PCRA court erred by determining that the [a]ppellate counsel were not ineffective for the failure to raise the Pa.R.E. 404(b) claim in the [Pa.R.A.P.] 1925(b) Statement and in the failure to brief the relevancy and hearsay issue in the appellate brief[?]

B. Whether the PCRA [c]ourt erred in concluding [that Phillips] waived the argument that the 911 call and statements admitted at trial were inadmissible as irrelevant and hearsay[,] when [the Superior Court] concluded differently in its memorandum Opinion[?]

Brief for Appellant at 3.

Phillips first claims that the PCRA court improperly rejected his ineffectiveness claim based upon his prior counsel's failure to raise his Pa.R.E. 404(b) claim in his Concise Statement on direct appeal, and counsel's failure to brief the issue on direct appeal. *Id.* at 11. Phillips contends that he did, in fact, object to the admission of certain out-of-court statements as hearsay and prejudicial. *Id.* Phillips asserts that the statements, via the 911 call played for the jury, discussed an assault on the alleged victim. *Id.* According to Phillips, he objected to the same reference to the crime at the November 13, 2014, suppression hearing. *Id.* In particular, Phillips quotes the following statement he made at the end of the suppression hearing: "I would like to

- 4 -

have my right to confrontation as well if the Commonwealth intends to introduce any evidence, documentary or verbally. I would like my right to confront those witnesses." *Id.* Phillips also directs our attention to his objection to the 911 call as "prejudicial, misleading, [and] confusing to the jury." *Id.* at 12 (citation omitted).

Phillips additionally argues that he objected to a witness's testimony, regarding what had happened to the victim, as "hearsay" and "confrontation." *Id.* (citation omitted). Thus, Phillips claims that he did, in fact, preserve his challenge to the 911 call and the witness's testimony. *Id.* Phillips claims that his counsel rendered ineffective assistance by not raising these claims in his Concise Statement on direct appeal, or in the appellate brief on direct appeal. *Id.* at 12-13. According to Phillips, based upon the ineffective assistance of prior counsel, he is entitled to the reinstatement of his direct appeal rights, *nunc pro tunc*. *Id.* at 16.

> When reviewing an appeal from the denial of PCRA relief,
>
> we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations, when supported by the record, are binding; however, this [C]ourt applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, this Court may affirm a valid judgment or order for any reason appearing of record.

*Commonwealth v. Montalvo*, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 574 Pa. 282, 291, 830 A.2d 567, 572 (2003) [(plurality)]. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 571 Pa. 112, 126, 811 A.2d 994, 1002 (2002).

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017).

To establish prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* When it is clear that the appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Thus, even if counsel had no reasonable basis for the course of conduct pursued, an appellant is not entitled to relief if he fails to demonstrate the requisite prejudice which is necessary under Pennsylvania's

ineffectiveness standard. ***Commonwealth v. Douglas***, 645 A.2d 226, 232 (Pa. 1994).

In its Opinion, the PCRA court addressed Phillips's claim, and concluded that it lacks merit. ***See*** PCRA Court Opinion, 6/29/20, at 3-8. We agree with the sound reasoning of the PCRA court, and affirm on this basis as to Phillips's first claim. ***See id.*** We additionally note the following.

In its Opinion, the PCRA court addressed Phillips's challenge to an officer's testimony regarding the victim's statement claiming to have been struck in the face and abdomen by Phillips. ***See id.*** at 5-6. The PCRA court concluded that Phillips had failed to raise any challenge based upon Pa.R.E. 404(b) and relevance. ***See id.*** at 6. However, as stated by the PCRA court, the trial court deemed the statement admissible as an excited utterance. ***Id.*** at 5 (citing N.T., 3/12/16, at 69-70). Further, the trial court offered a cautionary instruction to the jury. ***See*** N.T., 3/12/16, at 70. Specifically, the trial court had instructed the jury that the statement "is not for whether it truthfully happened as she said it happened. It was what was relayed and what [the officers] moved on from that point." ***Id.***

"Even if inadmissible hearsay is admitted at trial, a cautionary instruction can dispel the prejudice[,] as it is presumed that the jury followed the trial court's instructions." ***Commonwealth v. Bedford***, 50 A.3d 707, 713 (Pa. Super. 2012). Thus, Phillips failed to establish that the arguable merit of the issue underling his claim of ineffective assistance of appellate counsel, or

prejudice resulting from such claim. *See Holt*, 175 A.3d 1018. As such, we cannot grant Phillips relief on this claim. *See id.*

In his second claim, Phillips argues that the PCRA court erred in concluding that he had waived his challenge to the 911 call, and the officer's testimony, were irrelevant and hearsay. Brief for Appellant at 17. Phillips contends that this Court found otherwise in its Memorandum Opinion filed on direct appeal. *See id.* According to Phillips, although his "wording might not have been perfect, it was clear to the trial [c]ourt what the grounds for the objections were." *Id.* Phillips contends that as such, his objections did not need to be renewed in order to preserve the claim of error. *Id.* at 17-18.

As discussed above, we agree with the sound reasoning of the PCRA court, as stated in its Opinion, with the additional discussion above regarding Phillips's hearsay challenge. *See* PCRA Court Opinion, 6/29/20, at 3-8. Phillips does not direct our attention to additional places in the record where he preserved his challenges to the "improper character evidence, hearsay, and relevance issues[.]" *Id.* at 17. Further, our review discloses no support for Phillips's contention. As such, we cannot grant him relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/03/2021