J-S38014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS THOMPSON | : | |
| | : | |
| Appellant | : | No. 2691 EDA 2022 |

Appeal from the PCRA Order Entered October 6, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001420-2012

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 7, 2023**

Carlos Thompson appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm on the opinion authored by the Honorable Donna Woelpper.

We adopt the factual summary provided by the PCRA court and provide a truncated summary here.  In June 2011, Thompson, with his penis exposed, approached an eleven-year-old girl and grabbed her by the arm.  Thompson told the girl, "You're going to do it [to] me, darling."  PCRA Court Opinion, 2/7/23, at 1.  The girl managed to get away from Thompson and tell her family members, who immediately located Thompson and called police.  Police arrived on scene and arrested Thompson.  ***See id.*** at 1-2.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Thompson was charged and, on December 16, 2015, a jury convicted him of unlawful contact with a minor,[1] corruption of minors,[2] and indecent exposure.[3] The trial court deferred sentencing and ordered the preparation of a pre-sentence investigation report, a mental health evaluation, and an evaluation by the Sexual Offenders Assessment Board (SOAB). On March 15, 2016, the SOAB determined that Thompson met the criteria for a Sexually Violation Predator (SVP).

On May 23, 2016, the trial court conducted a sentencing hearing and sentenced Thompson to an aggregate period of 10 years' probation. Additionally, the trial court agreed with the SOAB's assessment and found Thompson to be an SVP, requiring lifetime registration with the Pennsylvania State Police (PSP). After appealing to this Court, Thompson's SVP designation was vacated and he was ordered to 10 years of reporting to the PSP.[4] *See Commonwealth v. Thompson*, 221 A.3d 257 (Pa. Super. 2019) (Table).

On November 3, 2021, Thompson filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed an amended PCRA petition on March 25, 2022, raising numerous claims of ineffectiveness of both trial and

---

[1] 18 Pa.C.S.A. § 6318(a)(1).

[2] *Id.* at § 6301(a)(1)(i).

[3] *Id.* at § 3127(a).

[4] There is additional procedural history not relevant to this appeal that is aptly summarized in the attached PCRA court opinion. Thus, we do not include it here. *See* PCRA Court Opinion, 2/7/23, at 2-5.

appellate counsel. On October 6, 2022, the PCRA court conducted an evidentiary hearing, after which it concluded that Thompson's prior counsel were not ineffective and dismissed Thompson's PCRA petition.

Thompson filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Thompson now raises the following claims for our review:

[1.] Whether the PCRA court [erred] in not granting relief on the issue that counsel was ineffective.

A. Whether appellate counsel was ineffective for failing to appeal the following issues:

[i.] [T]he denial of [Thompson]'s post[-]trial motion that the verdict was against the weight of the evidence[.]

[ii.] [T]he judge's decision to prohibit [Thompson] from testifying with notes and exhibits[.]

[iii.] [T]he addition of two uncertified[,] illegally[-]added charges at [Thompson]'s preliminary hearing[.]

[2.] Whether trial counsel was ineffective for failing to file a [Pa.R.Crim.P.] 600 motion[.]

[3.] Whether trial counsel was ineffective for failing to effectively cross[-]examine Commonwealth witnesses[.]

Brief for Appellant, at 8.

When reviewing the [dismissal] of a PCRA petition, our scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general[,] we may affirm the decision of the [PCRA] court if there is any basis on the record

- 3 -

to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

***Commonwealth v. Heilman***, 867 A.2d 542, 544 (Pa. Super. 2005) (quotations and citations omitted).

All of Thompson's claims challenge the effectiveness of his prior counsel. Generally, counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010).

To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[:] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

***Commonwealth v. Holt***, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

After consideration of Thompson's arguments on appeal, the certified record, and the relevant law, we conclude these issues have been correctly and comprehensively addressed by Judge Woelpper. We, therefore, rely on her opinion to affirm the order dismissing Thompson's PCRA petition. ***See*** Trial Court Opinion, 2/7/23, at 1-18. The parties are directed to attach a copy of Judge Woelpper's opinion in the event of further proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/7/2023