J-S57009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
BETH ELLEN SHIREY   :
  :
Appellant   :   No. 188 MDA 2019

Appeal from the PCRA Order Entered January 7, 2019
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001034-1999

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:          **FILED NOVEMBER 26, 2019**

Beth Ellen Shirey appeals from the January 7, 2019 order dismissing her fifth PCRA petition as untimely.  We affirm.

On June 4, 1992, Appellant's husband, Roy Bensinger was killed by a single gunshot to the head.  The murder weapon was never located, but the bullet's metal jacket was consistent with one fired from Appellant's rifle, which was missing from the marital residence after the murder.  Appellant and her husband had separated in late 1991, and the victim initiated divorce proceedings.  Appellant moved from the marital abode, but remained nearby.

Each party to the marriage had life insurance policies, insuring their lives and naming the other party as beneficiary.  After the separation, the victim changed the beneficiary designation on his $25,000.00 policy to Jason Bensinger, the parties' son.  Appellant was unaware of this change.  During

the separation, Appellant voiced multiple threats to kill the victim to family members and friends.

Four days after the murder, Appellant unsuccessfully attempted to collect the victim's $25,000.00 life insurance benefit. Meanwhile, Ron Champney was overheard by a number of people attempting to get Appellant to pay him $25,000.00, and bragging about killing the victim. During the investigation, Appellant was interviewed by the police multiple times. Initially, she told the police that she did not know Ron Champney, but in a subsequent interview, she admitted that she had known Champney for twenty-five years.

David Blickley, a career criminal who shares a child with Appellant, was an inmate at SCI-Rockview in 1992. He was visited by Appellant and their daughter, Champney, and an attorney at various times both before and after the murder. Additionally, in October 1996, Blickley escaped from custody and, along with Champney, embarked on a burglary spree in several counties in southeastern Pennsylvania, stealing over $1.6 million in items before he was recaptured on December 15, 1997. Blickley testified Appellant had told him she was planning to kill the victim, that she had enlisted Champney to do it, and afterwards had sought his help securing the money to pay Champney for his actions on her behalf. Champney also attempted to solicit Blickley's assistance collecting the money owed from Appellant.

Appellant and Champney were both arrested and charged with murdering the victim. They were tried separately and represented by different counsel. Champney was convicted of first-degree murder and sentenced to

the death penalty. Meanwhile, Appellant was also convicted of first-degree murder, but was spared the death penalty, receiving a sentence of life imprisonment without the possibility of parole on December 1, 2000.

Appellant filed a direct appeal, and despite her failure to comply with Pa.R.A.P. 1925(b), the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). However, on April 20, 2001, Appellant's appeal was dismissed after her counsel failed to file an advocate's brief. On November 7, 2001, Appellant, through new counsel, filed a petition to reinstate her direct appeal rights. The court deemed this filing a PCRA petition and denied it. Appellant did not appeal that decision.

On December 16, 2002, Appellant, through counsel, filed her second PCRA petition, wherein she challenged prior counsel's failure to file an appellate brief, to lodge various objections at trial, and to assert a battered spouse syndrome defense. She also alleged that the Commonwealth failed to reveal the existence of deals it had made with Blickley in exchange for his testimony against her. The Commonwealth filed an answer arguing that the petition was untimely and that no exceptions applied. In response, Appellant filed an amended PCRA petition wherein counsel alleged his own ineffectiveness for improperly calculating the time that Appellant had to file her first PCRA petition. The Commonwealth filed a response and, on March 7, 2003, the PCRA court denied the petition as untimely.

On July 28, 2003, Appellant filed a third PCRA petition relitigating the same issues she raised in her first PCRA petition. The Commonwealth filed a

- 3 -

motion to dismiss the PCRA petition as untimely, which the PCRA court granted on August 19, 2003. We affirmed the PCRA court's dismissal on appeal and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Shirey*, 858 A.2d 1282 (Pa.Super. 2004) (unpublished memorandum), appeal denied 864 A.2d 1204 (Pa. 2004).

Meanwhile, after Champney's direct appeal was exhausted, he filed a PCRA petition alleging that his counsel had been ineffective. During Champney's PCRA proceeding, the PCRA court found that the Commonwealth had violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it concealed preferential treatment given to Blickley in exchange for his testimony against Champney. The court also determined that Champney's trial counsel was ineffective for failing to subpoena Blickley's parole records and for failing to present a crime reconstruction expert at trial. On June 3, 2008, the PCRA court granted Champney's petition and ordered a new trial.

In response to Champney's successful PCRA petition, Appellant filed her fourth PCRA petition. In the petition she alleged that the findings of fact made in Champney's PCRA proceeding constituted newly-discovered evidence entitling her to a new trial. The Commonwealth filed an answer seeking dismissal without a hearing. Appellant filed an amended PCRA petition responding to the Commonwealth's answer. Ultimately, the PCRA court dismissed Appellant's petition as untimely. On appeal, we affirmed, finding that the Champney PCRA court rulings did not qualify as newly-discovered

facts in Appellant's case. ***Commonwealth v. Shirey***, 987 A.2d 824 (Pa.Super. 2009) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Shirey***, 14 A.3d 827 (Pa. 2010).

On November 13, 2018, Appellant filed the instant petition, her fifth. The asserted basis for the timeliness of this petition is Appellant's September 15, 2018 discovery that after the PCRA court granted Champney a new trial, he had entered into a plea agreement on August 7, 2008 to third-degree murder in exchange for a sentence of ten to twenty years of imprisonment. Appellant's brief at 6. Appellant alleged that Champney's favorable guilty plea was evidence that the Commonwealth no longer believed Blickley was a credible witness, which was a new fact that she could not have uncovered sooner. The Commonwealth filed its answer, and on January 7, 2019, the PCRA dismissed the petition as untimely. Appellant timely appealed, and both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises one issue for our review:

Where the Commonwealth permitted a death row inmate to plead to a time-served sentence, because it knew that its case was inexorably flawed and they probably would not be able to obtain a conviction, is this newly discovered evidence, which would compel the grant of a new trial in the co-defendant's case?

Appellant's brief at 2.

Our standard of review examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb

- 5 -

those findings unless they are unsupported by the certified record."
***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa.Super. 2017) (citation omitted).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017) (citation omitted). The time bar can only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii).[1] ***Id***.

---

[1] These exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Appellant alleges that she has uncovered newly-discovered facts which entitle her to a new trial. When considering a claim seeking to invoke the newly-discovered fact exception, our Supreme Court requires that a petitioner establish that: "(1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (citation omitted). Additionally, any exception must be raised within sixty days of the date the claim could have been presented.[2] 42 Pa.C.S. § 9545(b)(2). This rule is strictly enforced. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa.Super. 2010).

Appellant concedes that her petition is facially untimely, but asserts that she has newly-discovered evidence that she uncovered due to the guilty plea of Ron Champney, which occurred in 2008, but which was not discovered by her until ten years later. Appellant's brief at 13-14. Appellant contends that the new fact is not the plea deal itself, but that its existence "signaled" the Commonwealth's belief that David Blickley's testimony was so unreliable that no prosecution should have ever been brought against Appellant. *Id*. at 12. Finally, Appellant contends that she exercised due diligence, as she filed her

---

[2] As of December 24, 2018, 42 Pa.C.S. § 9545(b)(2) provides that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. However, this amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

petition within sixty days of the date that she discovered the existence of Champney's plea agreement. *Id*. at 12.

In its Rule 1925 opinion, the court observed that Appellant did not meet the newly-discovered fact exception, reasoning that Appellant's alleged new facts amounted to "pure speculation and conjecture." Trial Court Opinion, 2/6/19, at 6. After our review of the certified record, we find no basis to disturb the PCRA court's decision.

Appellant baldly asserts that Ron Champney received a plea deal offer from the Commonwealth because David Blickley was unmasked as an incredible witness. Appellant has not established that this was the reason for the plea agreement, let alone explained how, even if true, it would necessitate relief in her case. However, regardless of the veracity of the facts alleged, Appellant's claim still fails since she has not exercised due diligence.

Appellant has not explained why it took her ten years to uncover the existence of the plea agreement documented in a public docket sheet, when she has been consistently represented by counsel, and utilized Champney's PCRA proceedings as the basis for her fourth PCRA petition during the relevant ten-year time period. Common sense dictates that Appellant could have gleaned this information from Champney's docket sheet much sooner and her claims to the contrary appear disingenuous. Further, the focus of the due diligence exception is "on [the] newly[-]discovered facts, not on a newly[- ]discovered or newly willing source for previously known facts."

***Commonwealth v. Marshall***, 947 A.2d 714, 721-22 (Pa. 2008). Appellant has raised allegations attacking David Blickley's credibility in all of her previous PCRA petitions. Merely discovering a new conduit for previously litigated allegations does not transform Appellant's otherwise untimely claim into a timely one. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1264, 1269 (Pa. 2007).

Accordingly, we conclude that Appellant has not alleged nor offered to prove a newly-discovered fact upon which to circumvent the PCRA time bar. 42 Pa.C.S. § 9545(b)(1)(ii). As such, her fifth petition was properly dismissed as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019