J-S16041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL PURVIS, | : | |
| | : | |
| Appellant | : | No. 785 EDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006879-2009

BEFORE:  DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 9, 2020**

Michael Purvis ("Purvis") appeals from the Order dismissing his Petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its Opinion, the PCRA court set forth the relevant history underlying

this case as follows:

> On August 28, 2008, Samir Rice [("Rice")] was shot multiple times
> and killed as he exited a SEPTA bus at the corner of 21st and
> Diamond Streets in the city of Philadelphia.  Several bus
> passengers witnessed the shooting and provided a description of
> the shooter to police.  Several months later, police interviewed
> Derrick Williams [("D. Williams")] while he was jailed on unrelated
> charges.  [D. Williams] told police that [Purvis] shot []Rice.  [D.
> Williams] stated that on the day of the shooting, he was sitting on
> his front stoop with his then-girlfriend[,] Zikia Taylor [("Taylor")],
> his mother[,] Kelly Williams [("K. Williams")], and Zikia's
> grandmother[,] Lucinda West [("West")], when they saw [Purvis]
> running down the block holding his pants.  [Purvis], who was
> dating [D. Williams]'s sister at the time, ran into the []home[,]

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

out of breath, told them he had "just been in a shootout," and needed a new shirt to change into and a place to hide his gun. [D. Williams] stated that [Purvis] returned a week later to retrieve his gun, which had been hidden in the backyard, and paid [D. Williams] for hiding it for him. Police then interviewed Taylor, K. Williams, and West, and they all told police the same version of [the] events. All of these witnesses later recanted their testimony. Evidence presented at trial showed several instances of witness intimidation: [K. Williams] received threatening phone calls instructing her not to testify; [D. Williams] was knifed in prison and received several notes calling him a "rat;" [and D. Williams] also discovered that someone had placed 20 copies of his police statement in the prison law library. After Taylor gave her statement to police, [Purvis] began a romance with her, which resulted in [Taylor]'s and [West]'s recantation.

PCRA Court Opinion, 6/28/19, at 1-2.

Purvis was tried by jury in June of 2012 and February of 2013. Both trials resulted in hung juries. Purvis was tried for a third time, from March 17 to March 25, 2014, after which the jury convicted Purvis of murder of the first degree, carrying a firearm without a license, and possessing instruments of crime.[2] On March 26, 2014, the trial court sentenced Purvis to the mandatory sentence of life in prison on the count of murder of the first degree and concurrent sentences on the remaining counts. Purvis filed a timely post sentence Motion, which the trial court denied by operation of law. This Court affirmed Purvis's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Purvis* 133 A.3d 67 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 129 A.3d 1242 (Pa. 2015).

_____

[2] 18 Pa.C.S.A. §§ 2502(a); 6106; 907.

- 2 -

On December 9, 2016, Purvis, *pro se*, timely filed his first Petition for relief under the PCRA. Purvis was appointed counsel, who filed an Amended PCRA Petition and a Supplemental Amended PCRA Petition. Purvis claimed that trial counsel was ineffective for failing to call Venita Irvin ("Irvin"), a passenger on the bus at the time of the shooting, to testify, and for failing to object when the Commonwealth introduced Purvis's PennDOT driver's license Photograph to impeach witness testimony that Purvis had a goatee at the time of the shooting. The Commonwealth filed a Motion to Dismiss, and the PCRA court subsequently issued an appropriate Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. Purvis filed a *pro se* Response, and on March 4, 2019, the PCRA court dismissed Purvis's PCRA Petition without a hearing. Purvis timely filed a Notice of Appeal, followed by a *pro se* Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[3]

Purvis presents the following claim for our review: "[Whether] the [PCRA] court err[ed] by denying [Purvis]'s [PCRA] Petition where the record clearly showed that trial counsel was ineffective?" Brief for Appellant at 8.

When reviewing an appeal from the denial of PCRA relief,

> we must determine whether the findings of the PCRA court are supported by the record and whether the court's legal conclusions are free from error. The findings of the PCRA court and the evidence of record are viewed in a light most favorable to the prevailing party. The PCRA court's credibility determinations,

---

[3] The PCRA court did not order Purvis to file a Rule 1925(b) concise statement. ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010) (explaining that a *pro se* concise statement filed while the appellant is represented by counsel on appeal was a "legal nullity").

when supported by the record, are binding; however, this court applies a *de novo* standard of review to the PCRA court's legal conclusions. We must keep in mind that the petitioner has the burden of persuading this Court that the PCRA court erred and that such error requires relief. Finally, the Court may affirm a valid judgment or order for any reason appearing of record.

***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019) (citations omitted).

Purvis challenges the effectiveness of his trial counsel, and presents two arguments for our review, which we will address separately. In his first issue, Purvis contends that his trial counsel was ineffective for failing to call Irvin as a witness. Brief for Appellant at 28. Purvis claims that Irvin's testimony was crucial to the jury's decision because the "entire case" was built upon the "suspect testimony" of Taylor, D. Williams, K. Williams, and West. ***Id.*** at 29. According to Purvis, these witnesses were the only connection between him and the shooting, and all four witnesses "had major credibility issues." ***Id.*** Purvis contends that all four witnesses were uncooperative on the stand and recanted their prior statements. ***Id.*** at 29-30. Further, Purvis claims that Irvin had the "best view" of the shooting and that her testimony was crucial, not only to rebuff the "suspect testimony" of his friends and family, but because Irvin was an independent observer with no motive to lie. ***Id.*** at 36-37. Additionally, Purvis argues that Irvin's testimony would have corroborated testimony from other witnesses that the shooter was wearing a white t-shirt, not a blue or black polo shirt, as D. Williams and K. Williams claimed Purvis was wearing. ***Id.*** at 36, 38.

- 4 -

Counsel is presumed to be effective and "the burden of demonstrating ineffectiveness rests on [the] appellant." ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that[] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

***Commonwealth v. Holt***, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations and quotation marks omitted). The failure to prove any prong of this test will defeat an ineffectiveness claim. ***Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014).

When a petitioner raises a claim of ineffectiveness based on counsel's failure to call a potential witness, the petitioner can satisfy the performance and prejudice requirements by establishing

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations omitted). Further, a petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." ***Commonwealth v. Gibson***, 951 A.2d 1110, 1134 (Pa. 2008); ***see also***

*Commonwealth v. Auker*, 681 A.2d 1305, 1319 (Pa. 1996) (stating that

"[c]ounsel will not be found ineffective for failing to call a witness unless the

petitioner can show that the witness's testimony would have been helpful to

the defense."). "A failure to call a witness is not *per se* ineffective assistance

of counsel [because] such decision usually involves matters of trial strategy."

*Id.*

> In its Opinion, the PCRA court addressed this issue as follows:
>
> Irvin's testimony was merely corroborative of other witness testimony and was not "crucial" to the jury's decision[]. The record shows that []Irvin was a passenger on the bus who witnessed the shooting. She gave a statement to the police regarding the shooting and described the shooter as wearing a white t-shirt. She testified at the first trial, which ended in a hung jury, but did not testify at the second or third trials. At the third trial, defense counsel called Lydia Jenkins [("Jenkins")] to testify, another bus passenger who also described the shooter as wearing a white t-shirt. This was the same testimony that []Irvin would have provided[,] as she was merely a bus passenger who witnessed the event; she was not an identifying witness who actually knew [Purvis] personally. Thus, []Irvin's description of the shooter wearing a white shirt was corroborative of []Jenkins' testimony[,] and [Purvis] has failed to show how []Irvin's absence at his third trial was prejudicial to him.
>
> [Purvis] further claims that []Irvin's testimony was "crucial to the jury's decision since [Irvin] testified at the first trial[,] which resulted in a hung jury, and she did not testify at the third trial[,] which resulted in a conviction. [Purvis] argues that this proves her testimony was significant to the jury's decision-making. However, []Irvin also did not testify at his second jury trial[,] which also resulted in a hung jury. Thus, []Irvin's testimony was not the deciding factor which would have resulted in a different verdict. [Therefore, Purvis] is unable to meet the reasonable basis and prejudice prongs to establish ineffectiveness[.]

PCRA Court Opinion, 6/28/19, at 5. Our review confirms the PCRA court's analysis and conclusion that Purvis failed to establish prejudice, because he did not demonstrate that Irvin's testimony would be beneficial to him. *See Gibson, supra*.

In his second claim, Purvis contends that trial counsel was ineffective for failing to object when the Commonwealth introduced his driver's license photograph as an exhibit at trial. Brief for Appellant at 39. According to Purvis, the Commonwealth used the photograph to impeach witness testimony that Purvis had a goatee at the time of the shooting. *Id.* Purvis argues that the Commonwealth presented this photograph and claimed it was taken on May 3, 2008, when it was actually taken in November 2005. *Id.* Further, Purvis argues that the photograph depicts Purvis as being clean shaven, but that he had a goatee at the time of the shooting. *Id.* at 40. Purvis claims the photograph erroneously led the jury to believe that Purvis was clean shaven at the time of the shooting. *Id.* Purvis claims that trial counsel had no reasonable basis for failing to object to the introduction of the photograph. *Id.* at 41.

In his appellate brief, Purvis failed to develop the "reasonable basis" prong of his ineffectiveness claim, beyond a bald claim that trial counsel lacked a reasonable basis for not objecting to the introduction of the photograph. *See Commonwealth v. Jones*, 811 A.2d 994, 1003 (Pa. 2002) (stating that merely asserting that counsel had no reasonable basis for inaction is

insufficient to warrant any type of PCRA relief and an appellant must show the appellate court some evidentiary proffer); *see also Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Because Purvis failed to develop this prong of his ineffectiveness claim, his challenge to the effectiveness of counsel on this basis is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."); *see also Fears, supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/09/2020