J-S09036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL WHITEHEAD | : | |
| | : | |
| Appellant | : | No. 254 EDA 2020 |

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005247-2012

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED APRIL 13, 2021**

Michael Whitehead ("Whitehead") appeals from the Order dismissing his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the factual history of this case as

follows:

> On March 7, 2012, at 1:20 p[.]m[.], Philadelphia Police
> Officer Daniel McMonagle [("Officer McMonagle")] was on routine
> patrol in a marked patrol car when he observed [Whitehead]
> operating a 2002 silver Chevy Impala on Upsal Street[,] and
> approaching the intersection of Belfield Street.  The traffic light at
> the intersection was a "steady red" when [Whitehead] made a
> right turn onto Belfield Street without stopping or using a right
> turn signal.  Officer McMonagle stopped [Whitehead's] vehicle
> because [Whitehead] committed a motor vehicle violation.
>
> As Officer McMonagle approached the driver's side of the
> vehicle, he observed [Whitehead] reaching across the vehicle[,]
> as well as leaning forward and reaching toward his sides.
> According to Officer McMonagle, [Whitehead] was "reaching

around quite a bit" and was "reaching forward, down, and to his side all the way across the vehicle." Officer McMonagle described [Whitehead's] movements as being "more than just going to the glove box to get paperwork." Based upon the observed movements, Officer McMonagle "thought that [Whitehead] was possibly trying to conceal a weapon."

Officer McMonagle ordered [Whitehead] to stop reaching and to provide his driver's license, registration, and proof of insurance. In response, [Whitehead] stuttered and was fumbling with paperwork. He produced a photocopy of a driver's license with the name Percey Whitehead[,] and the photo [was] blacked out. [Whitehead] stated that he was the owner of the vehicle and that he was driving home. [Whitehead] appeared to be nervous and "slightly standoffish."

During his interaction with [Whitehead], Officer McMonagle stood behind the door jam[b] of the vehicle and leaned forward toward the vehicle. He specifically testified that the door to the vehicle was closed and he "wasn't in the vehicle." From that viewpoint, he observed a clear, small Ziploc baggy—that he immediately recognized as narcotics packaging—on the floor mat at [Whitehead's] feet. Based upon his observation of the narcotics packaging, Officer McMonagle removed [Whitehead] from his car and frisked him for weapons. [Officer McMonagle's] partner detained [Whitehead] at the back of [the] vehicle; [Whitehead] was not handcuffed at this time.

Officer McMonagle went to the driver's side of the vehicle to retrieve the narcotics packaging. As he was recovering the narcotics packaging, he observed that the plastic portion of the gear shifter was popped up and was cockeyed, or sitting off [] center by a quarter to one[-]half of an inch. He thought that the dislodged gear shifter was unusual[,] so he used his flashlight to look into the gear shifter. When he did so, he immediately recognized—based upon his familiarity with firearms—that there was a firearm inside the gear shifter from his observation of the top of the barrel or the slide of the firearm. He did not touch or otherwise manipulate the gear shifter in order to make his observations. Officer McMonagle did not recover the firearm, but rather requested a search warrant for the vehicle. The narcotics packaging and firearm were both recovered and placed on property receipts; the firearm was recovered pursuant to a search warrant obtained by Detective Linda Hughes.

Officer McMonagle regard[ed] the area where [Whitehead] was stopped as an "extremely high[-]crime area known for a lot of shootings." In his career as a police officer, Officer McMonagle has made more than 100 arrests for illegal narcotics. He is familiar with the type of narcotics packaging that he observed in [Whitehead's] vehicle. He also has extensive familiarity with firearms. During cross-examination, [Whitehead's] counsel repeatedly asked Officer McMonagle whether he "leaned in the vehicle" or "leaned in[to] the vehicle." [Whitehead's] counsel also showed the officer an arrest memo, which states that, "Police leaned into the vehicle to get a better view." In response, Officer McMonagle testified that he "leaned forward up to the vehicle," "leaned forward to the driver," and "was not in the vehicle" prior to observing the narcotics packaging. He further testified that he could see the narcotics packaging from where he was standing and without leaning into the car. Officer McMonagle testified that his partner, … prepared the arrest memo based, in part, on information received from Officer McMonagle, but that it was not a verbatim account of his statements to [his partner].

*Commonwealth v. Whitehead*, 125 A.3d 452 (Pa. Super. 2015) (unpublished memorandum at 1-3).

On June 6, 2012, Whitehead filed a Motion to suppress the evidence seized from his vehicle, asserting, *inter alia*, that the first, warrantless, search of his vehicle was unconstitutional, because it did not meet the "plain view" exception to the warrant requirement, and that the subsequent search warrant was "issued unlawfully" and "executed unlawfully." On December 7, 2012, the suppression court conducted a suppression hearing, and denied Whitehead's Motion.

On March 27, 2014, after a bench trial, Whitehead was found guilty of possession of a controlled substance, possession of firearm prohibited, firearms not to be carried without a license, and carrying firearms on public

streets in Philadelphia.[1]  The trial court subsequently sentenced Whitehead to an aggregate prison term of four to eight years.

On July 17, 2015, this Court affirmed Whitehead's judgment of sentence.  *See Whitehead*, 125 A.3d 452 (unpublished memorandum).

On September 18, 2015, Whitehead filed a timely, *pro se*, PCRA Petition. On January 11, 2017, Whitehead filed a counseled Amended PCRA Petition, alleging, *inter alia*, that appellate counsel rendered ineffective assistance of counsel by failing to inform Whitehead of this Court's decision, and thus depriving Whitehead of seeking *allocator* with the Pennsylvania Supreme Court.  On November 17, 2017, the PCRA court reinstated Whitehead's appellate rights, *nunc pro tunc*.  Whitehead subsequently filed a Petition for allowance of appeal, *nunc pro tunc*, with the Pennsylvania Supreme Court, which was denied on May 8, 2018.  *See Commonwealth v. Whitehead*, 185 A.3d 280 (Pa. 2018).

On June 7, 2018, Whitehead filed the instant, *pro se*, PCRA Petition.  The PCRA court appointed counsel, and, on January 11, 2019, PCRA counsel filed an Amended PCRA Petition.  In the Amended Petition, Whitehead alleged that Whitehead's trial counsel rendered ineffective assistance of counsel by failing

---

[1] *See* 35 P.S. § 780-113(a)(16); 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108.

to file a "***Franks***"[2] motion challenging the veracity of Officer McMonagle's statements at the suppression hearing.

On October 4, 2019, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss Whitehead's Petition without a hearing. On December 13, 2019, the PCRA court dismissed Whitehead's PCRA Petition.

Whitehead filed a timely Notice of Appeal[3] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Whitehead now presents the following claim for our review:

> Did the PCRA court err by dismissing the [PCRA] [P]etition without an evidentiary hearing[,] as there was a material issue of fact as to whether [] Officer McMonagle actually saw a gun in the gear-shift-box of [Whitehead]'s car[,] as that fact was in an [A]ffidavit of probable [*sic*] to search the car which lead [*sic*] to the gun's recovery?

Brief for Appellant at 2 (quotation marks omitted).

---

[2] In ***Franks v. Delaware***, 438 U.S. 154 (1978), the United States Supreme Court held that,

> [w]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the findings of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

***Franks***, 438 U.S. at 154.

[3] Because the 30th day following the imposition of sentence was Sunday, January 12, 2019, Whitehead's Notice of Appeal was timely filed. ***See*** 1 Pa.C.S.A. § 1908 (providing that "[w]henever the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation.").

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Whitehead claims that the PCRA court erred in dismissing his PCRA Petition without an evidentiary hearing because his trial counsel rendered ineffective assistance by failing to file and litigate a "*Franks*" motion. Brief for Appellant at 5. Whitehead argues that Officer McMonagle did not truly see a firearm in the gear-shift-box, because if he had, he would have recovered the gun during his initial vehicle search instead of waiting to secure a search warrant. *Id.* at 5-7. Further, Whitehead asserts that his trial counsel should have challenged Officer McMonagle's observations by entering photographs of the gear shifter into evidence. *Id.*

Counsel is presumed to be effective, and "the burden of demonstrating ineffectiveness rests on [the] appellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010).

> To satisfy this burden, an appellant must plead and prove by a preponderance of the evidence that [] (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness there is a reasonable probability that the outcome of the challenged proceeding would have been different. Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.

*Commonwealth v. Holt*, 175 A.3d 1014, 1018 (Pa. Super. 2017) (internal citations omitted).

Generally, "[t]he failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel." *Commonwealth v. Metzger*, 441 A.2d 1225, 1228 (Pa. 1981). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." *Id.* "[T]he defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." *Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016) (citation omitted).

Whitehead has failed to develop this claim for our review. Whitehead's appellate brief contains only boilerplate citations of this Court's standard of review. Indeed, Whitehead's brief is devoid of any citations to the record or legal precedent supporting his position. *See* Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. Paddy*, 14 A.3d 431, 443 (Pa. 2011) (providing that "boilerplate allegations and bald assertions … cannot satisfy a petitioner's burden to prove that counsel was ineffective."); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in

any other meaningful fashion capable of review, that claim is waived.").

Accordingly, Whitehead's claim is waived.

Even if Whitehead had preserved this claim for our review, the PCRA

court addressed it as follows:

> Here, [Whitehead]'s claim … is without merit because police had a sufficient legal basis to conduct a limited search of the vehicle's passenger compartment. At the suppression hearing, Officer McMonagle testified that [Whitehead]'s vehicle was stopped in a high[-]crime area. Once stopped, Officer McMonagle observed [Whitehead] making excessive movements inside the vehicle, "more than just going to the glove box to get paperwork." Officer McMonagle further observed that [Whitehead] appeared nervous and provided Officer McMonagle with an altered driver's license.
>
> [Whitehead]'s claim that trial counsel acted without a reasonable basis by failing to introduce photos of the interior of the vehicle in support of [a] "***Franks***" motion to impeach the veracity of the facts supporting the search warrant [also fails]. Officer McMonagle testified that while he **stood outside** [**of**] **the vehicle**, **he looked inside and observed a small**, **clear plastic baggie consistent with narcotics packaging on the floor mat** at [Whitehead]'s feet. Officer McMonagle's observation of the narcotics packing was proper under the plain view doctrine.
>
> During the suppression hearing, [Whitehead]'s trial counsel argued that Officer McMonagle was impeached by statements in the arrest memo prepared by another officer that stated "police leaned into the vehicle to get a better view." Officer McMonagle did not adopt the statements in the arrest memo. He testified that the arrest memo was a summary of his statements and not a verbatim transcription. When Officer McMonagle went to retrieve the narcotics packaging, he had a clear, close view of an off-centered, unusual and "popped-up" gear box. He then used his flashlight to look into the gear shifter, and immediately recognized the top of a gun barrel—or slide—of a firearm. The suppression court determined that Officer McMonagle testified credibly. **The photos attached to** [**Whitehead**]'**s Amended** [**PCRA**] [**P**]**etition show a gear shifter with the plastic portion missing**, **which is consistent with Officer**[] **McMonagle's**

**testimony**. [Whitehead]'s claim is meritless because Officer McMonagle was conducting a constitutionally permissible search at the time he observed the popped[-]up gear shifter. Accordingly, trial counsel had a reasonable basis for not pursuing a meritless "***Franks***" motion.

Finally, [Whitehead] cannot establish actual prejudice from trial counsel's failure to litigate a "***Franks***" motion given the overwhelming evidence that supports the suppression court's denial [of] his [M]otion to suppress including, (1) police initially had reasonable suspicion to conduct a limited warrantless search of defendant's vehicle for weapons[;] (2) the arrest memo that supported the search warrant was not a verbatim recitation of Officer McMonagle's observations[;] (3) Officer McMonagle's observation of the firearm was made while legally recovering the narcotics packaging from the floor mat of the vehicle[;] and (4) the suppression court credited the observations of Officer McMonagle based upon the suppression court's observation of his demeanor, manner of testifying[,] and corroborating evidence. Even if [Whitehead's] trial counsel introduced photos of the interior of [Whitehead]'s vehicle, the outcome of the suppression hearing would not have changed. Indeed, **police waited to obtain a search warrant before retrieving the firearm even though they could have conducted a warrantless search of** [**Whitehead**]**'s vehicle**. For all of these reasons, [Whitehead]'s claim of ineffectiveness is without merit.

PCRA Court Opinion, 6/12/20, at 6-8 (emphasis added; some citations and capitalization omitted).

Our review of the record confirms the PCRA court's analysis and conclusion. ***See*** N.T. (Suppression Hearing), 12/7/12, at 19-20 (wherein Officer McMonagle testified that the gear shifter was altered and he could see the barrel of a firearm hidden underneath). Moreover, as the PCRA court concluded, the photographs attached to Whitehead's Amended PCRA Petition and appellate brief depict an altered gear-shifter, which supports Officer McMonagle's testimony at the suppression hearing. ***See*** PCRA Court Opinion,

6/12/20, at 7-8; **see also** Amended PCRA Petition, 1/11/19, at 5-7 (unnumbered); Brief for Appellant, Appendix C. Thus, Whitehead's trial counsel had a reasonable basis in not filing a **Franks** motion; Whitehead has not demonstrated that he suffered prejudice as a result; and his claim is without arguable merit. **See Holt**, **supra**; **see also Watley**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2021