J-S07012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MOHAMED DRIDI | : | |
| | : | |
| Appellant | : | No. 880 EDA 2022 |

Appeal from the PCRA Order Entered March 25, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008768-2016

BEFORE: DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                        **FILED MAY 31, 2023**

Appellant, Mohamed Dridi ("Appellant" and/or "Dridi"), appeals from the March 25, 2022 order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541-46. He challenges the effectiveness of trial counsel, appellate counsel, and, for the first time on appeal, initial PCRA counsel. After careful review, we affirm the PCRA court's decision rejecting Appellant's claim that trial and appellate counsel were ineffective for failing to challenge the search warrant's lack of particularity. However, we vacate and remand for further proceedings regarding Appellant's new claims of ineffectiveness of initial PCRA counsel as directed by *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021).

On direct appeal, a previous panel of this Court set forth the factual and procedural history as follows:

On April 10, 2016, Special Agent Eric Barlow (Agent Barlow) of the Pennsylvania Office of the Attorney General (OAG) utilized the office's peer-to-peer file sharing program to download a file containing known child pornography. Agent Barlow identified the Internet Protocol (IP) address that had shared the file and obtained a subpoena for the subscriber information. Verizon's records indicated that Dridi was the owner of the IP address and provided his address. The OAG confirmed through PennDOT and other records that Dridi was the resident of the address in question.

Subsequently, on August 2, 2016, Agent Barlow applied for a search warrant for the address. In the Affidavit of Probable Cause (Affidavit) attached to the search warrant application, Agent Barlow described his investigation in detail. He explained that peer-to-peer file sharing programs "allow groups of computers, using the same file sharing network and protocols, to transfer digital files from one computer system to another while connected to a network, usually on the Internet." Affidavit at 1. The peer-to-peer file sharing programs allow users to make their digital libraries available to other users and are commonly used to disseminate child pornography. *Id.* Peer-to-peer file sharing programs can download a single file from multiple computers; however, the program used by the OAG downloads an entire file from a single computer and identifies that device's IP address for investigation. *Id.* at 2.

During his investigation, Agent Barlow made a direct connection to a device at an identified IP address and downloaded a file containing child pornography. *Id.* at 3. The device was using uTorrent 3.4 software to share the file. *Id.* Agent Barlow's software logged the start and end time for the download, the file name and size, and the IP address for the computer sharing the file. Agent Barlow then used the American Registry of Internet Numbers to determine that the IP address was provided by Verizon and issued a subpoena for the subscriber information. As noted above, Verizon complied with the subpoena and identified Dridi as the subscriber and provided his home address and contact information.

The Affidavit further explained that files may be stored in "free space or slack space" on a hard drive long after it has been deleted by a user, and a computer may also keep records of deleted data and files that were viewed through the internet. *Id.* at 4. Thus, it is possible for investigators to recover files and data that had

been deleted or viewed months or years prior. *Id.* Agent Barlow averred that "searching computerized information for evidence or instrumentalities of crime commonly requires investigators to seize all of a computer system's input/output peripheral devices, related software, documentation, and data security devices (including passwords) so that a qualified computer expert can accurately retrieve the system's data in a laboratory or other controlled environment." *Id.* at 5. It was necessary to search not just computers, but all magnetic storage devices, external storage devices, and "computing systems sometimes referred to as central processing units (CPU)." *Id.*

Based on all of this information, the application for the search warrant specified the items to be searched for and seized as follows:

> All computer hardware, including, but not limited to, any equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical or similar computer impulses or data. Any computer processing units, internal and peripheral storage devices (such as fixed disks, external hard disks, discs, backup media, flash media, and optical storage devices), peripheral input/output devices (such as keyboards, printers, scanners, video displays, switches, and disc/media readers), and related communication devices such as network/internet devices, cables, and connections, recording equipment, as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware. These items will be seized and then later searched for evidence **relating to the possession and/or distribution of child pornography**.

Search Warrant, 8/2/16, at 1-2. Agents from the OAG executed the search warrant and seized three laptop computers and four cell phones from the residence. These items were seized from a room in the house that Dridi identified to agents as his bedroom.

Videos, images, internet search history terms, and other indicia of child pornography were recovered from one of the laptops and three of the cell phones. [(These cell phones were all smartphones. "A smartphone is a modern day cellular telephone with computer-like capabilities." *Commonwealth v. Smith*, 136 A.3d 170, 171 n.2 (Pa. Super. 2016))]. Several of the images of child pornography were synced across multiple cell phones

> through a shared Gmail account. The laptop identified Dridi as the system owner, with "Ali PC" as the laptop name and "Ali" as the username. The laptop also contained a picture of Dridi's green card and Social Security card. All images and videos were located in "unallocated space" on the devices, indicating that the user had deleted the files from the allocated space on the devices but they had been retained elsewhere by the system. The uTorrent 3.4 software that uploaded the video in April 2016 was not found on any of the devices.

*Commonwealth v. Dridi*, No. 723 EDA 2019, 2020 WL 3432711, at *1-2 (Pa. Super. filed June 23, 2020) (non-precedential decision) (emphasis added). On August 2, 2016, the Commonwealth charged Appellant with one count of Disseminating Child Pornography, fifteen counts of Possessing Child Pornography, and one count of Criminal Use of a Communication Facility.[1]

On October 11, 2017, Appellant's initial trial counsel, Michael T. van der Veen, Esq., litigated a motion to suppress claiming that the search warrant was stale, overbroad, and lacked probable cause. The trial court denied the motion to suppress and proceeded to a jury trial, which concluded in a mistrial. Co-counsel Debra Rainey, Esq. and Matthew Boyd, Esq. from the Defender Association of Philadelphia represented Appellant during his new trial. On September 28, 2018, a jury convicted Appellant of the above-mentioned charges. On January 23, 2019, the court sentenced Appellant to an aggregate term of five to ten years' incarceration, followed by seven years' probation.

On June 23, 2020, this Court affirmed Appellant's judgment of sentence and on February 18, 2021, our Supreme Court denied Appellant's petition for

---

[1] 18 Pa.C.S. §§ 6312(c), 6312(d), and 7512(a), respectively.

- 4 -

allowance of appeal. ***Dridi***, No. 723 EDA 2019, *appeal denied*, No. 357 EAL 2020 (Pa. filed Feb. 18, 2021).

Appellant filed a timely *pro se* PCRA petition and, on September 23, 2021, a counseled amended PCRA petition alleging ineffective assistance of trial and direct appellate counsel for (1) failing to aver in the motion to suppress that cell phone evidence should be suppressed because the search warrant lacked particularity when it did not specify cell phones, and (2) failing to properly preserve this issue on appeal by including it in a Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 907 notice of intent to dismiss the PCRA petition without a hearing and on March 25, 2022, the PCRA court dismissed the petition.

Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Prior to filing his brief to this court, and after the PCRA court issued its Rule 1925(a) opinion, Appellant obtained new counsel. In his brief to this court, Appellant challenges the ineffectiveness of trial and appellate counsel and raises new issues regarding the ineffectiveness of initial PCRA counsel.

In particular, Appellant raises the following issues for our review:

I.     Should the prior attorneys have specifically challenged the search of the cell phones given that the search warrant either did not cover cell phones, or in the alternative, was lacking in particularity and probable cause with respect to cell phones?

II.    Did trial counsel provide the ineffective assistance of counsel in failing to retain a competent computer expert for trial where the expert who testified at the prior trial provided

- 5 -

critical testimony which dramatically undercut the prosecution's ability to prove that Appellant knowingly possessed or distributed child pornography and that expert would have testified similarly at the retrial?

III. Did trial counsel provide the ineffective assistance of counsel by repeatedly informing the jury that once the police confronted Appellant with a search warrant and read him his Miranda warnings, he refused to give a statement, refused to sign the Miranda form acknowledging that he received his rights, and asked to speak with an attorney?

Appellant's Br. at 7.

**A.**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To

satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but-for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

Finally, "[t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Holt*, 175 A.3d 1014, 1017-18 (Pa. Super. 2017) (citations omitted). "To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.*

**B.**

In his first issue, Appellant avers that both his trial and appellate counsel were ineffective for failing to raise and/or preserve a suppression of evidence claim. While trial counsel filed a Motion to Suppress, Appellant argues that trial counsel was ineffective for only arguing that the search warrant was overbroad. Appellant now claims that trial counsel should have challenged the search warrant on the grounds that the search warrant only authorized the search and seizure of a computer and did not specify the search and seizure of a cell phone. Appellant's Br. at 26, 31-45. Similarly, Appellant argues that appellate counsel was ineffective for not preserving this issue on appeal.[2] *Id.* We disagree.

Both Article I, Section 8 of the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution require that search warrants be supported by probable cause. *Commonwealth v. Jones*, 988 A.2d 649, 655 (Pa. 2010). "The linch-pin that has been developed to determine whether it is appropriate to issue a search warrant is the test of probable cause." *Commonwealth v. Edmunds*, 586 A.2d 887, 899 (Pa. 1991) (citation omitted). Our Supreme Court has explained that "[p]robable cause exists where the facts and circumstances within the affiant's knowledge and of which

---

[2] Appellant also argues, for the first time on appeal, that the search warrant did not provide probable cause to search a cell phone because the agents knew that the software used to distribute child pornography in this case could only have been found on a machine running a Windows operating system. Appellant's Br. at 26, 47. This argument is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." *Jones*, 988 A.2d at 655 (citation omitted). This Court reviews probable cause determinations pursuant to a "totality of the circumstances" test and whether, "given all of the circumstances set for the in the affidavit . . . including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place[.]" *Id.* (citation omitted).

It is axiomatic that "a warrant must name or describe with particularity the property to be seized and the person or place to be searched." *Commonwealth v. Orie*, 88 A.3d 983, 1002 (Pa. Super. 2014) (citation omitted). "The language of the Pennsylvania Constitution requires that a warrant describe the items to be seized 'as nearly as may be[,]" and this requirement is more stringent than that of the Fourth Amendment, which merely requires "particularity in the description." *Id.* at 1003 (citation omitted). "The Pennsylvania Constitution further requires the description to be as particular as is reasonably possible." *Id.* (citation omitted). To that end, it is undisputed that a "search warrant cannot be used as a general investigatory tool to uncover evidence of a crime. Nor may a warrant be so ambiguous as to allow the . . . general rummaging banned by the Fourth Amendment." *Commonwealth v. Rega*, 933 A.2d 997, 1011 (Pa. 2007) (citations and quotation marks omitted).

Our Supreme Court has discussed the specific considerations governing search warrants respecting electronic devices like cell phones, as follows:

> Because a cell phone often contains even more personal information than a home, it logically follows that a warrant should be required to search the contents of a cell phone, just as a warrant is required to search the contents of a home. This rationale, however, does not support the conclusion that, once obtained, a warrant to search a digital device should be held to a higher overbreadth standard than a warrant to search a home simply because of the former's storage capacity. Of course . . . our Constitution requires that all warrants, including warrants to search a digital space, (1) describe the place to be searched and the items to be seized with specificity and (2) be supported by probable cause to believe that the items sought will provide evidence of a crime. In applying this standard, courts must be cognizant of the privacy interests associated with personal electronic devices. However, just as with a search of a home and other spaces where an individual maintains a privacy interest, if there is probable cause that evidence of a crime will be found within an electronic device, that evidence should not be shielded simply because a defendant comingles it with personal information in a digital space with vast storage capacity. This is particularly so when, like here, the nature of the crime is electronic or internet based.

*Commonwealth v. Green*, 265 A.3d 541, 553 (Pa. 2021). Thus, warrants to search digital spaces must describe "as nearly as may be those items for which there is probable cause." *Id.* at 554 (citation omitted). However, "search warrants should be read in a common sense fashion and should not be invalidated by hypertechnical interpretations." *Rega*, 933 A.2d at 1012 (quoting Pa.R.Crim.P. 205 cmt.) (quotation marks omitted). In light of the "fact-dependent nature" of claims that a warrant is "overbroad, ambiguous, or perhaps both[,]" our Supreme Court has held that "where the items to be

seized are as precisely identified as the nature of the activity permits and an exact description is virtually impossible, the searching officer is only required to describe the general class of the item he is seeking." ***Green***, 265 A.3d at 550. Stated another way, "when an exact description of a particular item is not possible, a generic description will suffice." ***Rega***, 933 A.2d at 1012 (quoting Pa.R.Crim.P. 205 cmt.)

In ***Green***, a recent Supreme Court case that is instructive to our analysis, police conducted an undercover investigation into the sharing of child pornography over the internet, which led police to discover an IP address being used by an unknown device to share child pornography. ***Id.*** at 544-546, 552. In response to a court order, the owner of the IP address provided a residential address associated with that subscription. ***Id.*** at 545. In turn, police applied for a search warrant to seize the electronic devices in that residence. ***Id.*** at 545-46. The search warrant included in its description,

> Any and all computer hardware, including, but not limited to, any equipment which can collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, optical or similar computer impulses or data. . . . This search is also to include any and all cellular phones[.]

***Id.*** at 546 (emphasis omitted). The appellant in ***Green*** argued that the warrant was overbroad because it failed to specify only his "personal" phone and computer. ***Id.*** at 551. The Supreme Court rejected this argument and found that there was probable cause to search and seize all digital devices in the appellant's home. ***Id.*** at 552.

Our High Court explained, "[t]he warrant did not request to search a particular device or even name a particular user because there was no way for investigators to obtain that information prior to a search. . . . Based on the information available to the corporals at the time they requested the warrant, the pornography could have been shared by any user on any device using the internet in the home. There was no way to narrow this inquiry without conducting a search." *Id.* The Court emphasized the importance of the self-limiting language in the warrant that only permitted the officers to search for "evidence relating to the possession and/or distribution of child pornography" and explained that "[t]his line was critical in focusing the search and seizure to items connected with the criminal activity for which there was probable cause." *Id.* Moreover, our Supreme Court explained, "[t]his limiting language prevented an indiscriminate or discretionary search of the home because any actions taken by the searching officers were restricted to only what could yield evidence of child pornography. The record reflects that this was not an exploratory search, but one directed in good faith towards the objects specified in the warrant." *Id.* (citation and quotation marks omitted).

Here, relying on *Green*, the PCRA court opined that Appellant's claim that the search warrant lacked particularity was devoid of merit because smartphones are akin to computers and the warrant contained self-limiting language which restricted the search to evidence relating to the possession and/or distribution of child pornography. The court opined:

Although the warrant in the instant case did not specify a cell phone, it is abundantly clear that cell phones are computers in every sense of the word, as are tablets, Ipads, and other similar devices. Until the search was conducted of Appellant's home, the agents had no way of knowing exactly what type of device he was using, nor is that level of particularity relevant to the subject of the investigation, namely, whether Appellant possessed and transmitted pornographic images of children that he obtained on the internet.

Here, as in *Green*, the warrant contained identical self-limiting language that allowed the agents to search only for "evidence relating to the possession and/or distribution of child pornography[," a line that] was critical in focusing the search and seizure to items connected to the criminal activity for which there was probable cause. . . . Here, a plain reading of the description of items to be seized included any and all computer hardware or network/internet devices that could contain images of child pornography. Appellant's cell phone, or "smartphone" functions to store images downloaded from the internet in the same fashion as any other type of desktop computer, laptop, or tablet. To differentiate between the functioning of these devices as it relates to the ability to obtain pornographic images from the internet is to make a distinction without a difference.

Trial Ct. Op., filed 6/17/22, at 11-12.

We agree with the PCRA court. *Green* refutes Appellant's argument that the warrant lacked sufficient particularity. On the contrary, Appellant's cell phones had many of the same technological capabilities as computers and fell within the scope of the search warrant. Analogous to the facts in *Green*, Appellant was under investigation for computer based criminal acts, the search warrant contained a general description of electronic items to be seized but limited the search to "evidence relating to the possession and/or distribution of child pornography," and the "record reflects that this was not an exploratory search, but one directed in good faith towards the objects

specified in the warrant." 265 A.3d at 552 (citation and quotation marks omitted). While Appellant argues that the warrant in *Green* specifically contained language that included "cell phones," the PCRA court properly and thoughtfully found that that distinction unpersuasive, characterizing it as a distinction without a difference. Trial Ct. Op. at 11-12.

Since trial counsel cannot be deemed ineffective for failing to raise an issue that has no arguable merit and this issue has no arguable merit, the PCRA court did not abuse its discretion in rejecting Appellant's claim that trial and appellate counsel were ineffective and dismissing Appellant's PCRA petition with regards to these claims.

**C.**

In his next two issues, Appellant asserts, for the first time, that initial PCRA counsel was ineffective for failing to raise claims that trial counsel was ineffective 1) for failing to retain a competent computer expert for trial and 2) for repeatedly informing the jury that, after police confronted Appellant with a search warrant and read him his *Miranda*[3] warnings, he refused to give a statement, he refused to sign the *Miranda* form acknowledging that he received his rights, and he asked to speak with an attorney. Appellant's Br. at 7.

Appellant's assertions—that initial PCRA Counsel was ineffective for failing to raise issues regarding trial counsel's ineffectiveness—presents a

_____

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

layered ineffectiveness claim. "Where a petitioner alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of ineffectiveness relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

Where an appellant raises a claim of PCRA counsel ineffectiveness for the first time on appeal, this Court has "the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Bradley*, 261 A.3d at 403. We will remand "where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law[.]" *Id.* at 402 (citation and quotation marks omitted). Additionally, we are mindful of the "general rule" that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010), *overruled on other grounds*, *Bradley*, 261 A.3d 381.

**D.**

As an initial matter, we must address the Commonwealth's assertion that these new claims of ineffectiveness are waived because Appellant failed to raise them at the first possible opportunity to do so, *i.e.*, in a corrected Rule 1925(b) statement. Commonwealth Br. at 37. To support its argument, the Commonwealth cites ***Parrish***, a case where our Supreme Court found that an appellant adequately raised and preserved his layered claim of ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his corrected Rule 1925(b) statement and in his appellate brief. 273 A.3d at 1002. However, the procedural posture in ***Parrish*** is easily distinguished from the instant case. In ***Parrish***, our Supreme Court *sua sponte* remanded the PCRA appeal of a capital case for the appointment of new counsel and the filing of a corrected Rule 1925(b) statement prior to concluding that the appellant preserved his ineffective assistance of counsel claims in his corrected Rule 1925(b) statement.

Instantly, Appellant obtained new PCRA counsel **after** the initial PCRA counsel filed a Rule 1925(b) statement and **after** the PCRA court issued a responsive Rule 1925(a) opinion. In these unique circumstances, we agree with Appellant's position that his brief to this Court was the first opportunity for new PCRA counsel to raise claims of ineffective assistance of initial PCRA counsel.

**E.**

In his layered ineffective assistance of counsel claims, Appellant first avers that initial PCRA Counsel was ineffective for failing to argue that trial

- 16 -

counsel was ineffective for failing to retain a competent expert witness. Appellant's Br. at 51-54. Specifically, Appellant argues that trial counsel should have retained the same expert witness that was called in his first trial because the expert was highly qualified, had previously examined the data in question, and provided critical testimony resulting in a hung jury. Appellant concludes that initial PCRA Counsel was, therefore, ineffective for failing to raise this claim of trial counsel's ineffectiveness in the PCRA petition. *Id.*

We acknowledge that "[t]o prove arguable merit based on trial counsel's failure to call a witness, a PCRA petitioner must show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice." *Commonwealth v. Robinson*, 278 A.3d 336, 343 (Pa. Super. 2022) (citation and internal quotation marks omitted). "In this context, prejudice means that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Id.* (citation and internal quotation marks omitted).

After careful review, we determine that remand is necessary for further development of the record on this issue. Our analysis of Appellant's layered ineffectiveness claims must begin with a determination of trial counsel's effectiveness. Based upon the current record, and specifically in the absence of an evidentiary hearing, we are unable to review Appellant's claim that initial PCRA counsel was ineffective for failing to challenge trial counsel's failure to call as a witness a computer expert. Appellant's claim is more than a mere

- 17 -

boilerplate assertion of ineffectiveness, and raises material facts which are best determined, in the first instance, by the PCRA court. Further, "relief is not plainly unavailable as a matter of law[.]" ***Bradley***, 261 A.3d at 402.

Similarly, Appellant avers that initial PCRA counsel was also ineffective for failing to argue that trial counsel was ineffective for repeatedly referring to Appellant's post-arrest silence. Appellant's Br. at 55-56. In particular, Appellant argues that his initial counsel, Attorney van der Veen, in Appellant's first trial had successfully litigated a motion *in limine* to preclude the prosecution from raising Appellant's post-arrest silence to the jury. In Appellant's second trial, however, trial counsel revealed Appellant's post-arrest silence to the jury. ***Id.*** Appellant relies on ***Commonwealth v. Molina***, 104 A.3d 430 (Pa. 2014), for the proposition that "the right against self-incrimination prohibits use of a defendant's pre-arrest silence as substantive evidence of guilt, unless it falls within an exception such as impeachment of a testifying defendant or fair response to an argument of the defense." Appellant's Br. at 57 (citing ***Molina***, 104 A.3d at 451).

We find that we must also remand this issue to the PCRA court to determine whether initial PCRA counsel was ineffective for failing to argue that trial counsel was ineffective for repeatedly raising Appellant's post-arrest silence before the jury. Once again, Appellant has argued more than boilerplate claims, but raised material facts, and we cannot conclude as a matter of law that Appellant is not entitled to any relief.

**F.**

In conclusion, we affirm the PCRA court's decision that Appellant failed to assert a meritorious claim that trial counsel was ineffective for failing to challenge the search warrant's lack of particularity. However, in light of **Bradley**, we remand this case to the PCRA court to permit Appellant to amend the PCRA petition to assert the newly-raised claims that initial PCRA counsel was ineffective for failing to raise claims that trial counsel was ineffective for: 1) failing to retain a competent expert witness and 2) repeatedly referencing Appellant's post-arrest silence in front of the jury. The PCRA court shall conduct such further proceedings as necessary to address Appellant's layered claims of ineffective assistance of trial and initial PCRA counsel. We emphasize, however, that the ineffectiveness claims at issue upon remand are limited to those new claims presented in this appeal before this Court.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2023