J-A05013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KAMIL BROWN :
:
Appellant : No. 680 EDA 2023

Appeal from the PCRA Order Entered February 15, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010989-2017

BEFORE: DUBOW, J., KING, J., and LANE, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 2, 2024**

Appellant, Kamil Brown, appeals from the February 15, 2023 order entered in the Philadelphia Court of Common Pleas that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. After careful review, we affirm.

The following factual and procedural history is relevant to this appeal. On December 10, 2017, Philadelphia Police Officers Timothy Carroll and Brad McCabe were on patrol in the vicinity of 2400 West Montgomery Avenue in Philadelphia. The officers were specially assigned to that area in response to a high level of shootings and narcotics. At approximately 9:15 PM, the officers received a radio call reporting a shooting near the 2500 block of Berks Street—one block from their location—which described the shooter as a black male, in his mid-thirties, wearing a dark hoodie and blue jeans. Shortly after receiving the radio call, the officers saw Appellant walking just two blocks away from

the reported shooting location and believed that Appellant fit the description of the shooter. Officer McCabe tried to speak to Appellant from the marked patrol car and Appellant attempted to flee. Officer Caroll pursued Appellant on foot and observed Appellant remove a firearm from his waistband and toss it under a nearby van. Appellant was moving slowly, and Officer Carroll quickly apprehended Appellant after pursuing him for 15 or 20 feet. At the same time, Officer McCabe retrieved the firearm. The officers took Appellant into custody and charged him with Possession of a Firearm Prohibited.[1]

On December 11, 2018, following a bench trial, the trial court convicted Appellant of Possession of a Firearm Prohibited. On March 11, 2019, the court sentenced Appellant to two to four years' incarceration. On October 7, 2020, this Court affirmed Appellant's judgment of sentence and on April 13, 2021, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Brown**, 241 A.3d 372 (Pa. Super. 2020) (non-precedential decision), *appeal denied*, 252 A.3d 597 (Pa. Super. 2021).

Appellant filed a timely *pro se* PCRA petition raising ineffective assistance of counsel claims. The PCRA court appointed counsel who, on September 15, 2022, filed an amended PCRA petition alleging that trial counsel was ineffective for failing "to present a medical expert to testify that [Appellant] could not have run from the police because he had a severe spinal cord injury, was wearing orthotics[,] and underwent a toe amputation two

---

[1] 18 Pa.C.S. § 6105 (a)(1).

- 2 -

weeks prior to his arrest." Amended PCRA Petition, 9/15/22, at 2. In response, the Commonwealth filed a motion to dismiss averring that the PCRA court should dismiss Appellant's petition because Appellant failed to plead and prove that the medical expert witness was available and willing to testify and that his or her testimony would have resulted in a different outcome. Motion to Dismiss, 12/15/22, at 2, 6.

On January 10, 2023, the PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, concluding that Appellant's claim lacked merit. Appellant did not respond. On February 13, 2023, the court dismissed Appellant's petition.

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a sole issue for our review: "Whether the trial court erred when it denied [Appellant's] PCRA claim that trial counsel was ineffective for failing to retain a medical expert to testify that he could not have run from the police because he was wearing leg braces, had a spinal court injury, and had a toe amputated two weeks prior to his arrest[?]" Appellant's Br. at 5-6.

**A.**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the

- 3 -

record contains any support for those findings." **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffectiveness of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. **Commonwealth v. Rivera**, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." **Id.** To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. **Commonwealth v. Fulton**, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. **Id.**

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but-for counsel's action or inaction. **Commonwealth v. Busanet**, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." **Fears**, 86 A.3d at 804.

- 4 -

Finally, "[t]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings." *Commonwealth v. Holt*, 175 A.3d 1014, 1017-18 (Pa. Super. 2017) (citations omitted). "To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he or she raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Id.*

**B.**

In his sole issue, Appellant avers that trial counsel was ineffective for failing to retain a medical expert. Appellant's Br. at 5-6. Appellant purports that this type of witness could have challenged the police officers' version of events by providing testimony that Appellant could not have run from the police because he was wearing leg braces, had a spinal court injury, and had a toe amputated two weeks prior to his arrest. *Id.* at 12-13. Appellant avers that this claim has arguable merit, there is no reasonable basis in the record to justify trial counsel's failure to call a medical expert witness, and that the outcome of the trial would have been different if this witness was presented. *Id.* at 12-17. Moreover, Appellant argues that the court should have granted an evidentiary hearing to resolve material issues of fact, such as whether trial counsel had a reasonable basis for his inaction. *Id.* at 9, 16.

The mere failure to obtain an expert witness to rebut the Commonwealth's evidence is not ineffectiveness. *Commonwealth v. Chmiel*, 30 A.3d 1111, 1143 (Pa. 2011). To garner relief on an ineffectiveness claim for failure to present witness testimony, a petitioner must meet both procedural and substantive requirements. *Commonwealth v. Reid*, 99 A.3d 427, 438 (Pa. 2014). "The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition 'a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony.'" *Id.* (citing 42 Pa.C.S. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15)). The second requirement is substantive and requires a petitioner to establish that "(1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial." *Id.* "In this context, prejudice means that the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Commonwealth v. Robinson*, 278 A.3d 336, 343 (Pa. Super. 2022) (citation and internal quotation marks omitted).

In denying Appellant's petition without a hearing, the PCRA court found that Appellant failed to meet both the procedural and substantive requirements for relief. First, the PCRA court emphasized that Appellant failed

to attach a signed certification to his petition identifying a witness by name and explaining the substance of potential testimony. The court opined:

> Appellant alleged below that his "treating physician" would have been able to "testify to the effect [Appellant's] injuries had on [his] physical ability to run." [Appellant]'s Amended PCRA Petition at 4[]. However, [Appellant] did not identify any physician by name, much less provide a signed certification setting forth the substance of the witness's testimony. Accordingly, for this reason alone, [Appellant]'s claim fails.

PCRA Ct. Op., 6/13/23, at 10.

The PCRA court also found that Appellant failed to meet the substantive requirements for relief. The court found that Appellant was not prejudiced by the lack of medical expert testimony during trial, noting that the proposed testimony was duplicative of Appellant's own testimony regarding his physical limitations as well as the medical records that he introduced into evidence. *Id.* The court also underscored that the proposed medical expert testimony would not serve to impeach Officer Carroll's credited testimony or impact the outcome of the trial. *Id.* The court explained:

> Moreover, this court presided as the trier of fact and was capable of deciphering the evidence. In that regard, in addition to the introduction of [Appellant]'s medical records, [Appellant] testified regarding his injuries, his inability to run, and displayed his bare feet and legs with purported range of motion to the court. Quite plainly, the court did not require an expert to comprehend [Appellant]'s theory of defense, nor would have such testimony altered the outcome of trial. . . . Indeed, the court was in the best position to assess the demeanor and candor of the witnesses, and found that Officer Carroll testified credibly and consistently with the evidence. That is, Officer Carroll did not testify that [Appellant] "sprinted away" or fled for any great distance; on the contrary, he testified that [Appellant] attempted to run away, his movement "was not fast at all," and Officer Carroll caught him

almost immediately. (*See* N.T. [Trial], 12/11/18, at 17). Further, even if believed, Defendant's underlying claim still would not preclude him from **attempting** to run away—which is what he did—let alone physically possessing a handgun. In sum, that the court credited the testimony that [Appellant] discarded his firearm while trying to evade police, hardly affords any basis for relief.

*Id.* (some capitalization omitted, emphasis in original).

Upon review, we agree that Appellant failed to adequately plead and prove that trial counsel was ineffective for failing to call a medical expert witness for several reasons. Appellant failed to attach a certification to his petition identifying the expert medical witness, his or her willingness to testify, and the substance of the proposed testimony. In addition, we agree with the PCRA court that presenting testimony from the proposed expert medical witness would not have changed the outcome of the trial. Accordingly, the PCRA court's decision to dismiss this claim without a hearing is supported by the record and free of legal error.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024